CUNNINGHAM v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY Co.

1. **Appeal to Supreme Court:** LESS THAN $100: QUESTIONS NOT CONSIDERED. On the the appeal of a case involving less than $100, this court will not review a *part* of an instruction given on the trial, nor will it pass on a question certified, when it contains assumptions of fact in conflict with the record. It is only questions actually arising in the case which can be considered on such appeals. See opinion for illustrations.

*Appeal from Clarke Circuit Court.*

FRIDAY, DECEMBER 11.

ACTION to recover under the statute double the value of a cow killed by a train upon defendant's road. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Stuart Bros.*, for appellant.

*James Rice* and *W. B. Tallman*, for appellee.

BECK, CH. J.—I. The amount in controversy being less than $100, the case is brought here for decision upon questions certified by the judge of the circuit court. These questions involve the correctness of an instruction which is set out in the certificate in the following language: "It would be negligence to run a train at a high rate of speed in view of the crossing of a public highway that was known to be frequented by stock, when such high rate of speed would involve additional peril to both train and stock." Upon inspection of the record, we find the instruction in question in the following language: "It would be negligence to run a train at a high rate of speed, when done in view of a known danger, when such high rate of speed would increase the danger or hazard, or in view of the crossing of a public highway that was known to be frequented by stock, when such high rate

of speed would involve additional peril to both train and stock."

The following questions are certified for our decision: "Would such instructions tend to mislead the jury as to the law? Is it necessarily negligence in a railroad company to run its trains at a high or rapid rate of speed when approaching the crossing of a public highway which is known to be frequented by stock, although it is not at the time known that there is any stock on or near such crossing, when such high rate of speed would involve additional peril to both train and stock?" The instruction referred to in the first question is in the form first quoted above.

II. It will be observed that the first question demands our opinion upon an instruction differing in form from the one given. The whole of an instruction must be considered in determining its correctness, and not selected parts of it.

III. The second question assumes that no stock was on or near the crossing where the accident happened. This is in conflict with the record, which contains evidence tending to show that cattle were near the crossing; some had just crossed the railroad track, and others were approaching it at the time. This fact presents an entirely different question from the one certified. We cannot, in a case of this character, answer questions which are not presented in the record. As neither of the questions certified is in the case, we cannot pass upon them. The decision of the circuit court is

AFFIRMED.