## MILLER v. BUENA VISTA COUNTY.

1. **Habeas Corpus**: APPOINTMENT BY COURT OF ATTORNEY FOR DEFENDANT: LIABILITY OF COUNTY FOR COMPENSATION. When the notice required by section 3459 of the Code to be given to the district attorney to attend the hearing of a *habeas corpus* case has not been given, the court or judge cannot, by the appointment of another member of the bar to appear for the defendant, confer upon him the right to demand of the county payment for his services. Whether in case the district attorney should fail to attend or provide a substitute, after due notice, the court or judge would have a right to appoint a substitute, and whether such substitute would be entitled to compensation from the county, *quære*.

2. **Appeal to Supreme Court**: LESS THAN $100: WHAT CONSIDERED. In appeals to this court involving less than $100, questions certified will not be considered unless they arise from the facts in the case.

*Appeal from Sac Circuit Court.*

FRIDAY, APRIL 23.

ACTION by an attorney to recover compensation for services rendered in a *habeas corpus* proceeding. A demurrer to the petition was overruled. Defendant appeals. The amount in controversy being less than $100, it was sent to this court upon questions of law certified by the judge of the circuit court.

*Robinson & Milchrist,* for appellant.

*J. D. Miller* and *Ed. R. Duffie,* for appellee.

BECK, J.—I. The questions certified by the judge of the circuit court are as follows: "(1) Is a county liable for the payment of services rendered by an attorney appointed by the judge of the circuit court to defend in *habeas corpus* proceedings brought by parties restrained of their liberty on a criminal charge before him? (2) Is a county liable in such case when such appointment was made on account of the proper district attorney, who could not reasonably be present, although he was never notified of the hearing, nor of the time and place thereof? (3) Is a county liable for the service of the attorney appointed by the judge, under the circumstances and for the purposes set out in the two foregoing questions, where it is not shown what the result of the hearing was, nor that any judgment of any kind was rendered? (4) Has the judge of the circuit court power to appoint a district attorney under the facts hereinbefore stated?"

1. HABEAS corpus: appointment by court of attorney for defendant: liability of county for compensation.

II. The statute requires the district attorney to appear for the state in *habeas corpus* proceedings. Code, § 205. The court or officer issuing the writ is required to cause him to be notified thereof, and of the time and place where it is returnable. Code, § 3459. Under this statute the district attorney is the representative of the state in *habeas corpus* cases, and as such may control them within the limits of his authority and duty. The statute has provided for no other person to take his place, and has given the courts no authority to appoint one in cases of this kind. It may be that when the district attorney does not appear, after having been notified as the law requires, and has made no provision for the discharge of his duty by another, the court, or the judge, in the exercise of his inherent powers, may appoint and require another member of the bar to discharge his

THE SAME.

duties. But before this may be done the law must be complied with by the service of notice provided by the statute upon the district attorney. But it is said that this was not required in the case before us, for the reason that the district attorney could not be at the trial. But it does not appear that he could not, or would not have provided for the discharge of his duties by another, had he been duly notified. We are not prepared to open a door to the county treasuries through which they may be approached by those who hold claims of this kind. If we should hold this to be a valid claim, like claims might arise out of every *habeas corpus* case tried in the state. We hold that, when notice has not been given to the district attorney, the court or judge cannot, by appointment of another member of the bar, confer upon him the right to demand payment for his services of the county. Whether, if the notice be served, and the district attorney fails to attend the trial, a member of the bar appointed to discharge his duties may recover from the county, we do not decide, for the point is not in this case. But we suggest that it is a very important question, and if it were held that the county is liable in such case, it would follow that such liability would arise in all cases when the district attorney neglected or refused to discharge his duty by appearing for the state in *habeas corpus* proceedings. It can hardly be expected that the courts would visit such penalties upon the counties for the omission of duty by an officer of the state.

III. If, in the absence of the district attorney, in cases of this kind, the judge or court may appoint and require

THE SAME. another member of the bar to appear for the state, it does not follow that he would be entitled to recover compensation from the county. As members of the bar are officers of the court, it may be that they can be required by the court to render aid in the administration of justice in proceedings before it by *habeas corpus*, without regard to the question of compensation. But these questions

we do not determine. We answer the second and third questions in the negative.

IV. The first and fourth involve the authority of the court to appoint an attorney when notice of the proceedings is given to the district attorney, and the right of the attorney in such cases to recover compensation. These points are not presented by the facts of the case, and we are not, therefore, required to answer the questions which involve them. *Cunningham v. Chicago, B. & Q. R'y Co.*, 67 Iowa, 514.

2. APPEAL to supreme court: less $100 : what considered.

We reach the conclusion that the circuit court erroneously overruled defendant's demurrer to plaintiff's petition.

REVERSED.