## THORPE BROS. & CO. v. DICKEY ET AL.

1. **Action:** JOINDER OF CAUSES: NOTE AND ACCOUNT. An action upon a promissory note, against the maker and indorser, cannot be joined with an action on account, against the indorser only.

2. **Promissory Note:** UNAUTHORIZED INDORSEMENT. Where a person has obtained possession of a promissory note belonging to another person, and without authority undertakes to transfer it by indorsing it in the name of the owner, neither the person whose name is thus wrongfully used nor the wrongdoer would become liable to the transferee upon the note.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, OCTOBER 8.

THIS action was brought against the defendants, A. R. and F. N. Dickey, upon an account for goods sold and delivered, and also upon an alleged indorsement of a promissory note, which indorsement was made by the defendant, F. N. Dickey, in the name of the payee, A. R. Dickey. The action was also brought against John Stewart, as the maker of the note.

A. R. and F. N. Dickey alone defend. Judgment was rendered against Stewart by default, and against the Dickeys upon trial. They appeal.

*A. S. Blair*, for appellants.

*S. G. Van Anda*, for appellees.

ADAMS, J.—The amount claimed being less than one hundred dollars the trial court made the requisite certificate, certifying two questions, as follows: *"First*, whether an action can be brought on a promissory note against the maker and indorser thereof, and join with it an action of account for goods sold and delivered to and against the indorsers only; *second*, whether the indorsement by a person not a payee, without authority, holds both the payee and the person making the indorsement—the fact being that the plaintiff claimed that the account was for goods sold and delivered, and for which the note was indorsed and transferred as collateral security."

The case was tried by the court without a jury. No finding of facts appears in the record, and we cannot say what the facts are. A large amount of evidence is set out, but counsel disagree widely as to what it shows, and not without reason. Fifteen errors are assigned, and the arguments have taken a wide scope, with the view apparently of covering every question of law and fact which could be conceived as arising in the case.

We take this occasion to say that the course which counsel have pursued is quite too common. They should not, in their zeal, forget that it is not our province to determine any questions which are not certified. We must assume that the facts were correctly found whether any finding appears of record or not, and that the only questions of law have been certified upon which it was deemed desirable to have the opinion of this court. It may be, indeed, that the questions of law certified did not arise upon the facts even as found, and accordingly are not involved in the determination of the case. But

where no finding of facts appears of record we must assume that the questions of law certified did arise upon the facts as found, and that they have been determined against the appellant.

We proceed, then, to determine the questions certified, and those only:

I.   A cause of action upon an account may be joined in the same petition with a cause of action upon a promissory note, if the causes of action are in favor of the same person or persons, and against the same person or persons.   Code, § 2630.   But in this case, although the causes of action were in favor of the same persons, the cause of action upon the account was against the Dickeys only.   We think, therefore, that it was improperly joined with the cause of action upon the note, even if the note was given as collateral to the account.   If Stewart had had a defense to the note, and the Dickeys to the account, the two defenses would have been entirely distinct, and would have involved substantially two distinct trials.

*1. ACTION: joinder of causes: note and account.*

II.   Where a person has obtained possession of a promissory note belonging to another person, and without authority undertakes to transfer it by indorsing it in the name of the owner, we think that neither the person whose name is thus wrongfully used, nor the wrongdoer, would become liable to the transferee upon the note.   The transferee would acquire no title to it.

*2. PROMISSORY note: unauthorized indorsement.*

We can suppose a case where a note is transferable without indorsement, and a person authorized to make a transfer merely, indorses it in the name of his principal.   We think, too, that in such a case neither would be liable upon the note.

The principal would not be liable, unless the authority to transfer should be deemed to include by implication the authority to indorse.   But this, we think, cannot be the law where the note is transferable without indorsement.

The agent would not be liable upon the note by reason of

the indorsement, whatever might be his liability in some other form, for the reason that the indorsement would not make him a party to the note.

Assuming that the Dickeys were held liable upon the note, and that the indorsement was made without authority, as the question certified supposes, we have to say that we think the court erred.

REVERSED.