## SWAILS v. CISSNA.

1. **Interest**: MONEY DUE ON CONTRACT OR FOR LABOR. Where in an action for money due on contract or for labor performed, the petition demands interest, the claim will draw interest, at least from the date of filing the petition.

2. **Verdict**: BASIS ON WHICH FOUND: AFFIDAVIT OF JUROR. The affidavit of a juror may be received to show the basis on which a verdict was found, as, for example, whether interest was computed on plaintiff's claim.

3. **Interest**: ON VERDICT TO DATE OF JUDGMENT. Where plaintiff's claim was bearing interest, and a time elapsed from the return of the verdict to the rendition of the judgment, it was proper for the court to render judgment for the amount of the verdict and interest.

4. **Offer to confess Judgment**: INSUFFICIENT: COSTS. Where defendant offered to confess judgment for $110, and some time afterwards a verdict was found against him for $110.08, and, although plaintiff was entitled to interest on his demand, the court gave no instruction in regard to interest, and it was shown by the affidavit of a juror that none was computed, *held* that the offer to confess was not sufficient to avoid the costs which afterwards accrued.

*Appeal from Keokuk District Court.*

WEDNESDAY, OCTOBER 17.

THIS is an action at law to recover on a carpenter's contract for building. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*G. D. Woodin*, for appellant.

*Sampson* and *Brown*, for appellee.

ROTHROCK, J.—I. The amount in controversy being less than $100, the trial judge has certified the following questions for the decision of this court.

"1. In a suit on a carpenter's contract for building, which fixed the price for the whole work at a certain sum, the last payment to be made when the work was completed, the

petition claiming in one count the contract price, alleging the work was not completed by defendant's fault; in another count for certain extra work, with a bill of particulars attached; and in another count for all the work done; and an answer was filed pleading a general denial, payment, and a counter claim of $200 because the work was not done by the time agreed on, and another $200 because the work was not done in a workman-like manner, in which case there was a verdict for plaintiff of $110.08:—did plaintiff's demand draw interest before verdict?

"2. In such a case as named in the preceding paragraph, the answer was filed November 25, 1881, and entered on the appearance docket, but no notice thereof was served on the plaintiff, and the next term of the court convened December 6, 1881, and the defendant, on the twenty-sixth of November, 1881, served on the plaintiff an offer in writing proposing to allow the plaintiff to take a judgment for $110 and costs, and the plaintiff, on the twelfth day of December, 1881, amended his petition by adding thereto $14.50 for other extra work, and December 14, 1881, the plaintiff obtained a verdict for $110.08—should plaintiff recover the costs made after the offer?

"3. In such a case did the court err in rendering judgment for the verdict and the interest thereon to date of judgment, and in taxing all the costs in the case to the defendant? said questions of law all being involved in the case. At defendant's request, this certificate is signed in open court at the time of the rendition of judgment in said case, and on the day of the taxation of said costs. This certificate is ordered made a part of the record. Done in open court, November 21, 1882."

It will be observed that the principal question in the case pertains to the costs, and the material inquiry is—was the offer to confess judgment in such an amount as that the costs which accrued after the offer should have been taxed to the plaintiff.

It is proper to state that the record shows that the petition, by a general allegation, demanded interest. We think, as the action was for money due on contract or for labor performed, the claim would at least draw interest from the date of the filing of the petition.

But it appears that the court gave instructions to the jury consisting of twenty-five paragraphs, and there was no direction in any instruction that the plaintiff was entitled to interest. The verdict was for a gross sum, and did not show on its face whether or not interest was allowed in fixing the amount of the verdict. We are asked by counsel for appellant to presume that interest was calculated by the jury and included in the verdict. But the record contains an affidavit of one of the jurors that no interest was allowed to either party on any of the claims. It is said, this affidavit cannot be considered to show what items were allowed or rejected. It is a general rule that affidavits of jurors, for the purpose of *avoiding* their verdicts, may be received "to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself— as that a juror was improperly approached by a party, his agent or attorney; that witnesses or others conversed together upon the facts or merits of the case, out of court, in the presence of the jurors; that the verdict was determined by aggregation and average, or lot or game of chance, or other artifice or improper manner; but that such affidavits to *avoid* the verdict may not be received to show any matter which does necessarily inhere in the verdict itself, as that the juror did not assent to the verdict, that he misunderstood the instructions of the court, the statements of the witnesses, or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment, or other matters resting alone in the juror's breast." *Wright v. Ills. & Miss. Telegraph Company*, 20 Iowa, 195, and cases cited; *Morris v. Howe*, 36 Id., 490; *Cowles, Adm'r, v. C., R. I. & P. R. R. Co.*, 32 Id., 515.

In all of these cases it was sought to impeach and set aside the verdicts by the affidavits of the jurors. But when it is sought to sustain the verdict, or to show the basis upon which the verdict was found, not for the purpose of impeaching it, but for the purpose of determining the rights of the parties in a mere matter of costs, the rule has no application. In *Butt v. Tuthill*, 10 Iowa, 584, it is said: "Affidavits of jurors may be received to show the basis upon which a verdict was found. *Aliter*, where such affidavits impeach the verdict."

It is said, however, that the questions certified by the trial judge are silent as to the affidavit of the juror. But we have repeatedly held that in this class of cases we will look into the record for the purpose of determining whether the questions certified fairly arise in the case, to the end that we may determine real controversies, and not mere abstract questions.

II. As we have held that the claim was interest bearing, at least from the filing of the petition, it follows that it drew interest from the time of the verdict, and that the allowance of interest for the time intervening between the verdict and judgment was correct.

III. Something is claimed by defendant on account of an amendment to the petition after the offer to confess, by which $14.50 was added to the plaintiff's claim. But here, again, the question certified contains a mistake. An amended abstract shows that this amendment did not increase the plaintiff's claim. It was merely a more specific statement of what was already claimed.

It follows from the foregoing observations that the defendant did not offer to confess judgment for a sufficient amount to avoid the costs thereafter made, and the court did not err in so holding.

AFFIRMED.