White et al. v. Beatty et al.

---

## WHITE ET AL. v. BEATTY ET AL.

1. **Appeal to Supreme Court:** LESS THAN $100: CERTIFICATE OF TRIAL JUDGE: JURISDICTION. This cause involving less than $100, and the certificate of the trial judge failing to state explicitly the facts involved and the questions to be decided, so as to avoid the necessity of finding the facts from the record, this court has no jurisdiction to entertain the appeal, and it is dismissed, notwithstanding the question of jurisdiction is not raised by counsel. Code, § 3173. *Votaw v. Corwin*, 62 Iowa, 39, and *Hawkeye Ins. Co. v. Lewis*, 63 Id., 514, followed.

*Appeal from Dallas Circuit Court.*

THURSDAY, SEPTEMBER 18.

ACTION to recover attorney's fees. Upon the motion of defendants, the venue of the cause was changed on the ground that the action was brought in the wrong county, and not in the county of defendants' residence. From the order changing the venue of the case plaintiffs appeal.

*White & Clarke* and *North & Barr*, for appellants.

*Brown & Tait*, for appellees.

BECK, J.—I.   The amount involved in this action being less than $100, the judge of the circuit court certified the questions which it thought desirable for this court to decide, in the following language:.

" 1st.   Were the defendants, who were at the beginning of this suit residents of Carroll county, Iowa, legally sued in Dallas county, Iowa, under the circumstances described in the petition?

" 2nd.   Are the defendants liable to be sued in Dallas county, Iowa, on the cause of action set forth in the petition, the defendants being, at the time suit was instituted, residents of Carroll county, Iowa?"

The questions of law are not here stated with sufficient explicitness.   The main facts upon which the questions depend are not stated in the questions, and cannot be ascertained without reference to the abstract.   We have repeatedly held that the certificate of the judge presenting questions in cases of this character should explicitly and fully state the questions and facts involved, so that no reference need be made to the abstract, or to any part of it, in order to determine the very points we are asked to decide.   One of the objects of the statute would be defeated should we be required to find the facts upon which the questions of law depend.   See *Votaw v. Corwin*, 62 Iowa, 39; *Hawkeye Ins. Co. v. Lewis*, 63 Id., 514.

II.   The defendants make no objection to the sufficiency of the certificate of the judge.   But we will consider the defect without suggestion of the parties, as it is a jurisdictional matter involving our authority to consider the appeal under the provisions of Code, § 3173.   The appeal must be

DISMISSED.