## MILLER v. HALEY.

1. **Justice's Court:** JUDGMENT FOR COSTS ON ISSUE OF TENDER: MOTION TO RETAX: JURISDICTION: CONSENT OF PARTIES. Where in a justice's court there was an issue of tender, and a judgment for costs based on the trial of that issue, the justice had no jurisdiction to entertain a motion to retax the costs; for to do so would be equivalent to setting aside the verdict as to that issue; and that he cannot do. Code, § 3550. And the consent of the parties could not confer such jurisdiction, for such consent could give jurisdiction only of the persons, and not of the subject-matter. See cases cited in opinion.

*Appeal from Taylor Circuit Court.*

WEDNESDAY, JUNE 3.

PLAINTIFF brought this action in justice's court on a claim for $17. He recovered judgment for part of the amount, but the justice entered an order taxing the costs to him. The next day after the judgment and order were entered, plaintiff filed a motion to retax the costs to defendant. This motion was sustained by the justice, and the defendant thereupon removed the cause into the circuit court by writ of error, where the order retaxing the costs was reversed, and from this order plaintiff appeals.

*L. T. McCoun, J. L. Brown* and *Charles Thomas*, for appellant.

*Maxwell & Spurrier* and *Finn & Hedrick*, for appellee.

REED, J.—The circuit judge has certified that the cause involves the following questions of law, upon which the opinion of this court is desired: "(1) Can a justice of the peace, after he has entered final judgment and order for the taxation of costs, entertain a motion for the retaxation, filed some time subsequent thereto, when such judgment for costs was based upon the issue of tender, which has been heard as one of the issues on the trial of said cause, and was the

ground for such judgment and taxation of costs? (2) Would the appearance of the parties confer jurisdiction upon the justice to reopen said cause so far as to determine whether his judgment for costs, based upon such issue of tender and verdict of the jury, has been rightfully determined, and enabled him to reconsider such order and judgment, and to enter another order and judgment therein?"

I. We are of the opinion that the first question should be answered in the negative. The question assumes that there was a plea of tender, and that there had been a trial of that issue, and that the judgment against plaintiff for costs was based on this plea. As we have jurisdiction only to determine the questions which are contained in the certificate, we cannot go back of it to ascertain whether these assumptions are warranted, but must proceed upon the theory that the facts are correctly recited in the certificate. *Curran v. Excelsior Coal Co.*, 63 Iowa, 94.

The judgment against plaintiff for costs, then, was based upon an issue which had been heard and determined upon the trial of the case. The question whether the evidence was sufficient to establish the plea of tender had been passed upon by the justice, or by the jury, if the case was tried to a jury. And it was clearly incompetent for the justice, after the question had been thus determined, and a final judgment had been entered upon the finding, to rehear or reconsider the evidence, and enter a new judgment or order in the case. The question of fact arising under the issue of tender is one which the parties had the right to have determined upon the trial of the cause. They had the right to have it passed upon by the jury, and when it had once been tried and determined, either by the justice or the jury, and a final judgment had been entered upon the verdict, the power of the justice over the question was at an end. He is expressly forbidden by statute to entertain a motion in arrest of judgment, or to set aside a verdict; (Code, § 3550;) but, by sustaining the motion to retax the costs, he, in effect, set aside the verdict,

for he thereby determined that the plea of tender was not sustained by the evidence.

II.  The second question should also be answered in the negative.  It relates to the power of the justice to make the order retaxing the costs.  Jurisdiction of the person may be given by consent, or by the appearance of the party.  But if the court, under the law, does not have jurisdiction of the subject-matter, such jurisdiction cannot be conferred even by the consent of the parties; and if the law does not empower it to enter a particular order or judgment, the consent of the parties will not empower it to do so.  We think the justice had no power to enter the order in question. *Smiths v. Dubuque Co.*, 1 Iowa, 492; *Dicks v. Hatch*, 10 Id., 380; *Walker v. Kynett*, 32 Id., 524.

AFFIRMED.