320            SUPREME COURT OF IOWA,

McLenon v. The Kansas City, St. Joseph & Council Bluffs R'y Co.

McLenon v. The Kansas City, St. Joseph & Council
Bluffs R'y Co.

1. **Railroads:** INJURY TO STOCK ON TRACK: PROOF OF SERVICE OF
NOTICE. On a trial to recover damages for injury to stock on a railway
track, a copy of the notice and affidavit served on the company under
the statute is admissible, when accompanied with the oath or affidavit
of the person who served the same, to prove the fact of such service,
under Code, § 3698.

2. **Appeal to Supreme Court:** LESS THAN $100: CERTIFICATE. In
appeals involving less than $100, the certificate of the trial judge should
plainly point out the questions to be determined, and should recite the
facts on which the questions of law arise, so that they may be deter-
mined without resorting to the evidence in the case; and questions certi-
fied which do not properly arise in the case will not be considered.
ADAMS, CH. J., from his view as to the effect of the evidence, dissents
from the order of affirmance.

*Appeal from Fremont District Court.*

TUESDAY, JUNE 22.

THIS action was originally brought before a justice of the
peace to recover double the value of a cow which it is alleged
was killed by one of defendant's trains of cars at a place
where there was no fence, and where the defendant had the
right to fence its road. There was a trial before the justice
of the peace, which resulted in a judgment for plaintiff, and,
upon an appeal to the circuit court, the cause was transferred
to the district court, where the cause was tried to a jury, and
there was a verdict and judgment for the plaintiff. The
defendant appeals.

*Sapp & Pusey,* for appellant.

*W. M. McLenon,* for appellee.

ROTHROCK, J.—I. The cause involves less than $100,
and the appeal comes to us upon questions
certified by the the trial judge. The first of
these questions is as follows: "(1) Whether
the copy of the notice and affidavit of injury to
plaintiff's cow was properly allowed by the court to be intro-

1 RAILROADS:
injury to
stock on
track: proof
of service of
notice.

duced in evidence before the jury as original evidence; it having been shown to have been a true copy of the original notice and affidavit served upon the defendant more than thirty days prior to the commencement of this suit, and no notice to produce said orignal notice and affidavit having been first proven to have been given to defendant or its attorneys, and the loss or destruction of said original notice and affidavit not being proven."

It is insisted by counsel for appellant that a copy of the notice was inadmissible without showing that the plaintiff was unable to produce the original; that notice should have been given to the defendant to produce the original, to authorize secondary evidence of its contents. It is provided by section 3698 of the Code that "the posting up or service of any notice or other paper required by law may be proven by the affidavit of any competent witness attached to a copy of said notice or paper, and made within six months of the time of such posting up." And in *Shawhan v. Loffer*, 24 Iowa, 217, it was held that his mode of the proof of service of a notice is not exclusive of any other, but that service may be proved by the oath of any person cognizant of the fact. When it was shown that the paper was a true copy of the original by an affidavit, or by the oath of the person who made the service, the copy, with the affidavit attached, or in connection with the oath, was competent evidence. The question should be answered in the affirmative, and this answer accords with the ruling of the district court.

II. The second question certified propounds the inquiry whether the affidavit of loss is such "as is required by stat-

2. APPEAL to supreme court: less than $100: certificate.

ute." It is sufficient to say of this question that it does not point out any anything in which it is claimed the affidavit is defective. The question of law should be plainly set out in the certificate of the judge.

III. The third, fourth and sixth interrogatories are vulnerable to the same objection. They do not point out any

questions of law. They merely refer this court to the record, and ask us to determine whether the court erred in all of the instructions to the jury, and in overruling the motion for a new trial, and in overruling a motion to direct the jury to return a verdict for the defendant.

IV. The fifth question certified is as follows: "(5) Whether, in a case where a railroad is owned and operated by a railroad company, and is also operated by another railroad company having no ownership in said road-bed, the company so owning said road-bed and running its train on the same is liable for stock killed by a train on said road by reason of its failure to fence its track, without proof introduced on the part of the plaintiff showing, or tending to show, that the stock was injured or killed by a train being operated by the railroad owning said road-bed."

We have examined the record and evidence to see whether this question fairly arises in the case, and we think it does not; that is, we do not think that an answer to the question in the negative should lead to a reversal of the judgment. The question itself is liable to the objection that it states an abstract proposition of law, with no reference to the facts of this case, and it assumes that it is important that the proof of the ownership of the train that killed the stock should be introduced " on the part of the plaintiff." Now, it is wholly immaterial whether evidence is introduced by the one party or the other, and the additional abstract filed by the appellee shows that the defendant procured one McFarland, who had before been called by the defendant to appraise stock that had been injured or killed, to see the cow after she was injured. This was evidence in the nature of an admission that it was defendant's train that caused the injury.

We have repeatedly held that the certificate in this class of cases should point out the questions to be determined, and they should recite the facts upon which the questions of law arise, so that they may be determined without resorting to the evidence in the case.        AFFIRMED.

ADAMS, CH. J., *dissenting.*—I think that the fifth question certified arose upon the record, and should be answered in the negative, and, under that view, the case should be reversed. That the ownership of a road, though unfenced, does not render the owner liable for stock killed by the train of another company was held in *Stephens v. Dubuque & St. P. R. Co.*, 36 Iowa, 332. The burden then was upon the defendant to introduce some evidence tending to show that the cow in question was killed by one of defendant's trains. This I think would be conceded by the majority, but they think that there was such evidence, and hence that the question certified did not arise. That there was evidence tending to show that the cow was killed by a train operated by either the defendant or the Chicago, Burlington & Quincy Railroad Company may be conceded. But it is manifest that the evidence should go further. It should tend to show that the cow was killed by a train operated by the former, rather than the latter. The evidence relied upon by the majority is that in response to McFarland's being asked to look at the cow. This, it is said, is in the nature of an admission that the defendant's train killed the cow. I do not think that this position is correct. In the first place, there is no evidence that McFarland looked at the cow, nor that he was asked to do so by the company, nor by any one who had authority to employ him in behalf of the company. The evidence is in these words—being the testimony of McFarland: "*Question.* Who asked you to go and see the cow that was struck? *Answer.* The section foreman. *Q.* The section foreman of what road? *A.* The K. & C. road." Now, this, without more, it appears to me, does not show that the defendant employed McFarland, or offered to employ him. It does not appear that the section foreman had any authority in the matter. But I do not think that the case would have been different if the president or superintendent, or the whole board of directors, had gone and looked at the cow, or had employed some one to do so. It is not an

admission to investigate the grounds of an alleged liability, or the extent of it. This is constantly done, and it is often necessary for self-protection. The rule of evidence now declared by this court as to what constitutes an admission of liability seems to me to be a very important one, and I cannot think that there is any warrant for it, either in principle or the decisions.