CHILTON v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Appeal:** JURISDICTION: LESS THAN $100: QUESTIONS OF FACT NOT CONSIDERED. In cases where the amount in controversy does not exceed $100, this court has no jurisdiction on appeal, except as to *questions of law* properly certified by the trial judge. (Code, § 3173.) And where the question certified was whether the evidence in the case, which was embodied in the certificate, showed contributory negligence on the part of plaintiff, as held by the trial judge, upon which he directed a verdict for the defendant, *held* that this was a question of *fact*, and not of law, and that this court had no jurisdiction except to dismiss the appeal.

*Appeal from Mahaska District Court* — Hon. D. RYAN, *Judge.*

WEDNESDAY, OCTOBER 19.

PLAINTIFF brought an action for the recovery of damages for an injury to a horse, caused, as he alleged, by a gravel pit, which defendant unlawfully and negligently dug in a public highway. When the evidence was closed, the district court directed the jury to find for defendant. The cause involves less than $100, and the trial judge signed a certificate to the effect that the determination of a question of law

is involved in the case, upon which it is desirable to have the opinion of this court.

*John F. Lacey*, for appellant.

*Thomas S. Wright* and *Lafferty & Morgan*, for appellee.

REED, J.—The certificate is as follows: " It is desirable to have the opinion of the supreme court upon the following question, to-wit: Does the evidence show contributory negligence or want of ordinary care on the part of plaintiff? And the evidence of the plaintiff, being the only evidence on the question, is in substance as follows: That he was riding along the highway in which was the obstruction, being a hole extending into the highway eighteen feet from the west side thereof, and twenty feet long, and from eight to twelve feet in depth; that he had passed said place frequently, and knew of the existence of the hole; that on the day of the accident he passed there going to Eddyville, and, on his return, he was riding along the highway, and at this point he gave no thought to the fact that there was a hole of this description at that point; that he was riding as he had usually ridden when riding on the highway; that the horse he was riding was an ordinarily gentle horse; that he was riding on the traveled track on the side nearest the hole or pit, which track was within three and one-half feet of the edge of the pit. That the horse made a sudden spring or jump to the right, and from the hole, and fell upon his shoulder, the shoulder-blade being broken, and it was necessary to kill the horse; that the character of the ground in every way and direction from the place where the accident occurred was level and open, and there were no other obstacles or obstructions visible at the time on the highway, which was sixty feet in width. Upon this the court held that the plaintiff was not in the exercise of ordinary care, and was guilty of contributory negligence, and therefore could not recover. On the foregoing statement of the testimony, the court certifies that it is desirable to have the opinion of the supreme court, as to whether or not the evidence aforesaid shows a

want of ordinary care, or shows contributory negligence upon the part of the plaintiff, it being the opinion of the court that such evidence fails to show ordinary care, and does show contributory negligence. If such evidence, on the contrary, is sufficient to establish ordinary care, or fails to show contributory negligence upon the part of plaintiff, then, upon the record in this case, the plaintiff would have been entitled to have had his cause submitted to a jury. If the supreme court are of the opinion that the court erred, then the cause should be remanded for a new trial; the action of the court being based upon the foregoing testimony alone."

When the amount in controversy between the parties, as shown by the pleadings, does not exceed $100, the case is appealable to this court only upon the certificate of the trial judge that it involves the determination of a question of law upon which the opinion of this court is desired. (Code, § 3173.) To give this court jurisdiction, then, the question presented by the certificate must be one of law, and the court has no power to determine any questions except those certified. The question presented by the certificate before us is whether the evidence shows that plaintiff, at the time of the accident, was in the exercise of due care to avoid the injury, or whether he was guilty of negligence contributory to the injury, of which he complains. But that is a question of fact. It is in the nature of a conclusion or deduction to be drawn from all the circumstances of the occurrence. The question certified is not whether the judge below erred in assuming to determine the question himself, rather than to submit it to the jury for their determination, but whether he determined it correctly on the evidence. It might be said, perhaps, that the plaintiff had the right to have the question determined by the jury. Indeed, that is what the counsel has principally insisted upon. But as that question is not presented by the certificate, we cannot determine it. The certificate, therefore, does not give this court jurisdiction of the cause; and the only order we can make in it is to dismiss the appeal.                                DISMISSED.