74 209
92 756

PARKER & CHILDS v. MICHAELS.

Appeal: LESS THAN ONE HUNDRED DOLLARS: QUESTIONS NOT ARISING BELOW: PRESUMPTION. In appeals involving less than one hundred dollars, the questions certified to this court will ordinarily be presumed to have been involved in the case; but where it is claimed by the appellee, in his abstract, that such questions did not arise in the court below, then the record will be examined, and unless it appears therefrom that such questions did in fact arise, they will not be considered in this court.

*Appeal from Marshall District Court.*—HON. D. D. MIRACLE, Judge.

FILED, MARCH 12, 1888.

THE plaintiffs are attorneys at law, and this is an action upon an account for legal services. There was a trial by jury, and a verdict and judgment for plaintiffs. Defendant appeals.

*Brown & Carney* and *W. H. Hammond*, for appellant.

*J. M. Parker*, for appellees.

ROTHROCK, J.—The cause involves less than one hundred dollars, and the appeal comes to us upon a certificate of the trial judge, which is as follows : " Where one of the plaintiffs, who are partners in the practice of law, agreed, orally, with the defendant, that the plaintiffs would render legal services for the defendant in his personal litigation, in consideration that the defendant would use his influence in soliciting business from others for the plaintiffs, and that no charge should be made for such services, and the defendant complied with the agreement, and performed it on his part:— *Question.* ( 1 ) Can the plaintiffs recover the value of the services rendered by them under such contract ? ( 2 ) Is the agreement supported by a sufficient consideration to sustain a defense to the action for the services so rendered ? ( 3 ) Is the agreement void as against public policy ?"

It is contended in behalf of the appellees that the questions certified do not properly arise upon the record in the court below. It appears from the abstract of appellant that the defendant admitted the claim made by the plaintiff, but set up a counter-claim, by which he alleged that plaintiffs and defendant entered into a contract by which the plaintiffs agreed to perform such legal services as the defendant might personally require, in consideration that defendant would aid and assist plaintiffs in securing business, and assist them in the management and conduct of cases brought or defended by said firm. And he averred that he had fully performed his contract. It will be seen that, in

the absence of any evidence, the plaintiffs were entitled to recover. Appellees filed an additional abstract, and set out the evidence of the defendant, which shows without question that the averments of his answer were untrue, and demanded that appellant should file a transcript. Appellant in turn denied the correctness of appellees' abstract, and filed a transcript. Upon examining this transcript, we find that the cause came into the district court upon an appeal from a justice of the peace. The transcript of the record entry shows that the cause was tried to a jury, and evidence was introduced, and the court instructed the jury to find for the plaintiffs. The record does not show what evidence was introduced, nor upon what ground or for what reason the court directed the jury to find for the plaintiffs. We have frequently held that the questions certified will be presumed to have been involved in the case; but we have also held that, where it is claimed by the appellee that such questions did not arise in the case in the court below, we will look into the record to determine that fact. Upon examining the transcript in this case, we do not find that the defendant introduced any evidence. If he did not, the court properly directed the jury to find for the plaintiff, without regard to the validity of the defense pleaded, and the questions certified are mere abstract propositions not necessary to a determination of the case.

The appeal will be

DISMISSED.