BEACH V. DONOVAN *et al.*

Appeal : LESS THAN ONE HUNDRED DOLLARS : REQUISITES OF CERTIFICATE OF TRIAL JUDGE. In a case involving less than one hundred dollars, it is not sufficient, to give this court jurisdiction, for the trial judge to certify certain questions upon which he says it is desirable to have the opinion of the court. It is necessary also to certify that the questions are involved in the determination of the case.

*Appeal from Franklin District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 25, 1888.

ACTION at law for the recovery of the price of an organ. Verdict and judgment for plaintiff, and defendants appeal.

*J. H. Scales*, for appellants.

*Daniel Eiler*, for appellee.

REED, J.—The amount in controversy is less than one hundred dollars. The trial judge signed the following certificate : "I, J. L. Stevens, judge of the eleventh judicial district of Iowa, certify the following questions upon which it is desirable to have the opinion

of the supreme court." This is followed by four questions, but there is no averment that the cause involves the determination of either of them. The statute ( Code, sec. 3173 ) provides that "no appeal shall be taken in any cause in which the amount in controversy between the parties, as shown by the pleadings, does not exceed one hundred dollars, unless the trial judge shall certify that the cause involves the determination of a question of law upon which it is desirable to have the opinion of the supreme court." To give this court jurisdiction in a case of this kind, it is essential that it be shown by the certificate that the cause involves the determination of the questions stated. It can readily be determined from the pleadings in the case that the questions certified might have arisen under them; but whether they did arise, and whether the cause involves their determination, can only be determined from an examination of the evidence. But jurisdiction is conferred by the certificate, and not by the pleadings or evidence. *Curran v. Excelsior Coal Co.*, 63 Iowa, 94. We have sometimes held that we would go back of the certificate, and determine, from an inspection of the record, whether the cause did involve the determination of the questions stated. See *Swails v. Cissna*, 61 Iowa, 693 ; *McLenon v. Kansas City, St. J. & C. B. Ry. Co.*, 69 Iowa, 320. But in those cases the certificates on their face were sufficient to confer jurisdiction, and we went into the record for the purpose of determining whether the cause in fact involved the determination of the questions propounded ; while in this the fact essential to the jurisdiction is not stated. The appeal will therefore be

DISMISSED.