## WINELANDER & CO. v. JONES.

1. **Appeal:** LESS THAN $100: CERTIFICATE OF TRIAL JUDGE: SUFFICIENCY. In this appeal, involving less than one hundred dollars, the certificate of the trial judge recited the ultimate facts which the evidence established, and upon which the certified questions of law depend, and did not require this court to determine the effect of the evidence. *Held* that it was sufficient to give this court jurisdiction, as against the objection that it showed that there was a conflict in the evidence, and was a certificate of the conclusions of the court as to the facts found. (See opinion for certificate.)

2. **Sale:** ACCEPTANCE OF GOODS: FACTS CONSTITUTING: PRESUMPTION. Where a person purchases goods of a certain description for future delivery, and upon receiving them discovers a defect, and informs the vendor thereof, who satisfactorily rectifies it, the vendee will thereupon be regarded *prima facie* as fully accepting the goods; and before he will be permitted to return the goods upon the discovery of other defects, he will be required to rebut the presumption of a full acceptance upon the curing of the first defect. In other words, a purchaser will not be permitted to make separate demands, founded upon partial inspections of the goods, in the absence of a sufficient excuse therefor.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, MAY 14, 1889.

THIS is an action to recover the price of a bill of umbrellas sold by plaintiffs to defendant. The cause was tried to the court, and judgment rendered in favor of defendant. The plaintiffs appeal.

*W. J. Roberts,* for appellants.

*W. B. Collins,* for appellee.

ROBINSON, J.—The amount in controversy not exceeding one hundred dollars, the trial judge certified to this court questions for its determination, in language as follows: "I the undersigned, judge of the court aforesaid, do hereby certify that the determination of this cause involves a question of law upon which it is desirable to have the opinion of the supreme court. The question is: In January, 1887, defendant ordered by sample a bill of fourteen umbrellas from plaintiffs, which were to be billed of date April 1, 1887, to be paid for four months thereafter, with right of discount if paid before. Defendant received the umbrellas from the carrier on February 17, 1887; opened the package containing them; discovered they were enclosed separately in paper covers, when he claimed they should. have been enclosed in cloth covers. He notified plaintiffs of this fact, and was furnished with the kind of covers desired. Making no further inspection of the umbrellas at this time, defendant put same away until there should be a demand therefor; there being no sale for such goods until about April 1. Subsequently he sold three of the lot at various times, without inspection of the goods sent to him. On April 5 or 6, 1887, having occasion to make a further sale, defendant, on opening one of the umbrellas, discovered same was defective, in ᵱhat the silk did not correspond with the sample shown at the time the order was made; that they were not the goods ordered, in that the silk was not of the quality of the goods ordered. On April 6, 1887, he shipped the remaining nine umbrellas to plaintiffs, and notified them that he had done so because he claimed same did not

correspond with the sample and the goods ordered, and because they were not of the quality of the goods ordered, and were not the goods ordered, and worthless. Plaintiffs refused to accept the returned umbrellas. (1) Had there been such an acceptance of the umbrellas by defendant that he had waived his right to return same? and (2) had defendant had a reasonable opportunity to inspect the umbrellas prior to April 5 or 6, 1887?"

I. The first question we are required to determine is the sufficiency of the certificate to give this court

**1. APPEAL: less than $100: certificate of trial judge: sufficiency.**

jurisdiction of the cause. It is insisted by appellee that the certificate is not sufficient, because it shows that there was a conflict in the evidence, and is a certificate of the conclusion of the court as to the facts found. The position of appellee would be well taken if the certificate required us to examine and determine the effect of the evidence. *Chilton v. Railway Co.*, 72 Iowa, 690 ; *Riddle v. Fletcher*, 72 Iowa, 455 ; *Hudson v. Railway Co.*, 59 Iowa, 582. But it does not require that at our hands. It recites the ultimate facts which the evidence established, and upon which the questions certified depend. The accuracy and completeness of the statement of facts is not questioned. Ordinarily, where the facts are admitted, their effect is a matter of law, to be determined by the court. *McLaury v. City of McGregor*, 54 Iowa, 718 ; *Hirshhorn v. Stewart*, 49 Iowa, 418 ; *Claflin v. Lenheim*, 66 N. Y. 305 ; *Hedges v. Railway Co.*, 49 N. Y. 224. It has been held, in a case involving the acceptance of goods sold, that "when the uncontroverted facts are such as cannot afford any ground for finding an acceptance, or where, though the court might admit that there was a *scintilla* of evidence tending to show an acceptance, they would still feel bound to set aside a verdict finding an acceptance on that evidence, it is the duty of the court to withhold the case from the jury." *Stone v. Browning*, 68 N. Y. 604 ; *Shepherd v. Pressey*, 32 N. H. 56. The general rule is subject to modification in some cases, as where

Winelander & Co. v. Jones.

different minds might reasonably reach different conclusions, from the facts admitted. *Whitsett v. Railway Co.*, 67 Iowa, 159. We are of the opinion that the facts shown by the certificate are of such a character as to indicate their proper legal effect with reasonable certainty, and conclude that the certificate is sufficient to give this court jurisdiction of the case. Questions of law alone are presented for our determination.

II. Defendant received the package containing the umbrellas and opened it on the seventeenth day of February, 1887. He then examined the umbrellas sufficiently to know that they were not encased in cloth covers. The alleged defect was of such a nature as to be readily ascertainable. Use of the umbrellas was not required to disclose it. No fact justifying the course of defendant in not making such an inspection as would have disclosed defects which could have been readily discovered is shown. It appears that he did in fact make a partial inspection, and found an alleged defect, which was remedied by plaintiffs on application. We do not think defendant should be permitted to make separate demands, founded upon partial inspections of the goods, in the absence of a sufficient excuse therefor. His first inspection of the goods, his demand for the cloth covers, and his acceptance of them, when sent, established *prima facie* a full acceptance, and it was incumbent on him to excuse his failure to discover and object to the defect of which he now complains when he made his first demand, in order to rebut the presumption of an absolute acceptance. But the certificate discloses no fact which even tends to excuse his failure. On the contrary, he kept the goods for several weeks, and until he had sold or otherwise disposed of more than one-third of them. In our opinion the unexplained delay was unreasonable. Both of the questions certified should be answered in the affirmative.

<div style="margin-left:2em">2. SALE: acceptance of goods: facts constituting: presumption.</div>

REVERSED.