THE DES MOINES INSURANCE CO. v. BRILEY *et al.*

1. **Appeal:** LESS THAN $100 : CERTIFICATE. Where a cause involving less than one hundred dollars is appealed to this court upon the certificate of the trial judge, the facts upon which the certified questions of law arise must be stated in the certificate, as this court cannot look to the testimony to find such facts. (See opinion for citations.)

2. ——: ——: WHAT CERTIFICATE SHOULD CONTAIN. In such cases the certificate should contain only a bare statement of the facts and the legal point involved. It is not necessary to set out the testimony or the record further than is required to show that the question certified is involved in the case. (See opinion for citations.)

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, FEBRUARY 8, 1890.

GEORGE A. Smith was attorney for plaintiff in its suit against Briley, in which an attorney's fee was entered for $2.05. Briley was insolvent, and the judgment is unpaid. Smith filed his motion to have the fee

taxed against plaintiff, which motion was resisted by plaintiff, on the ground that the services as attorney were rendered while Smith was in the employ of plaintiff on a stated salary, which employment included the services rendered in the suit. These are the essential facts, as we understand them. They are not thus understood by the parties. The motion was refused by the district court, and from its judgment Smith appeals.

*R. W. Barger*, for appellant.

*Cole, Mc Vey & Clark*, for appellee.

GRANGER, J.—The facts above stated are gathered from the certificate of the trial judge, made to present to this court a question of law for its determination. If the facts are as above stated, they ought to involve no doubtful question of law. The concluding statement of fact above is not found, in terms, by the district court, but it is our inference from other statements of fact found by it; and from the fact that the court has attached to his certificate an exhibit, and referred us to it,—being the testimony in the case,—we understand that it is expected that we will look to the testimony to satisfy ourselves as to the doubtful question. This we cannot do. Without the facts specifically found, no question of law arises. This point has been, in substance, ruled many times. *Hudson v. Railway Co.*, 59 Iowa, 582; *Riddle v. Fletcher*, 72 Iowa, 455; *Chilton v. Railway Co.*, 72 Iowa, 690; *Winelander v. Jones*, 77 Iowa, 401. .

1. APPEAL : less than $100: certificate.

The certificate in this case, with an exhibit attached, covers nearly three closely printed pages, besides the testimony referred to, when ten lines would be amply sufficient to present the question, as we understand it. The certificate recites the substance of the testimony of different witnesses, and different proceedings on the hearing of the motion. These matters are all unimportant. The bare statement of facts and the legal point involved is all that is

2. —: —: what certificate should contain.

required. In such cases it is not necessary to set out the testimony or the record of the proceeding below, further than is necessary to show that the question certified is involved in the case. For rulings on this question, see *Bennett v. Parker*, 67 Iowa, 451; *McLenon v. Railway Co.*, 69 Iowa, 320, and many other cases. The appeal must be

DISMISSED.