| 81 | 537 |
| 92 | 756 |

</div>

WILLIAM   PICKRELL,   Appellant,   v.   J.   P.   HIATT,
Administrator, Appellee.

1.   Claim Against Estate of Decedent: DEMURRER.    A claim
filed against the estate of a decedent alleged the indebtedness of
said estate to the claimant, on account of the payment by him of
one-third of the amount of a judgment against the decedent, the
claimant and another, in a sum stated, with interest.    Held, on
demurrer, that the facts stated did not entitle the claimant to the
relief demanded.

2.   Appeal: CERTIFICATE OF JUDGE: PRACTICE.    In causes involving
less than one hundred dollars, and which are presented for hear-
ing in the supreme court upon questions certified by the judge of
the trial court, only questions arising upon the record will be con-
sidered, and the supreme court will look beyond the certificate to
see if the questions certified are necessarily involved in the case.

*Appeal from Mahaska District Court.*—Hon. David
Ryan, Judge.

Wednesday, October 29, 1890.

On January 24, 1889, appellant filed his claim,
duly verified against the estate of J. E. Bailey, deceased,
as follows :

" The said Wm. Pickrell claims of said J. P. Hiatt,
as administrator of said estate, the sum of seventy-five dol-
lars as per the following statement : To one-third amount
of judgment against J. E. Bailey, Wm. Pickrell and
Anna P. Shaw, and in favor of Leighton & Moore, shown
on judgment docket 5, page 210 ; said Pickrell having
paid one-third of said judgment amounting to thirty-
three dollars and seventy cents, at date of judgment,
April, 16, 1878 ; the interest thereon amounting to $38.64 ;
total amount due, $74.34.     The within claim, to the
amount of $74.34, is admitted this eleventh day of Feb-
ruary, 1889.               J. P. Hiatt,
                              " Administrator."

Appellant afterwards filed an amendment alleging
that J. E. Bailey died on or about ——, 1880 ; that
J. P. Hiatt, was appointed administrator on the second
day of December, 1881 ; and that notice of his appoint-
ment was never given, as provided by law.     The heirs of
J. E. Bailey demurred to the original claim and amend-
ment, upon the grounds that : *"First.* The facts stated
do not entitle the said Pickrell to the relief demanded;
*second,* the claim and amendment thereto show on their
face that the claim is barred by the statute of limitation."
The demurrer being sustained, and, appellant electing
to stand upon his claim and amendment, judgment was
entered against him for costs.     The amount in contro-
versy being less than one hundred dollars, the court cer-
tified the following questions for the opinion of this
court : *" First.* Is the claim barred by the statute of
limitations ? *Second.* Will a demurrer on the ground
that the claim is barred by the statute of limitations lie

after the same has been admitted by the administrator? *Third.* Does the statute of limitations run upon a claim against an estate of a deceased person after the appointment of an administrator, and before the publication, as provided by law, of notice of his appointment? *Fourth.* Does the statute of limitations, which had been suspended by non-residence of deceased, again commence to run upon his death, said deceased having real estate in Mahaska county, Iowa, and an administrator having been appointed in said county, December 2, 1881?" Upon this certificate, the plaintiff appeals.

*Haskell & Greer* and *D. C. Waggoner,* for appellant.

*Bolton & McCoy,* for J. P. Hiatt, administrator, appellee.

*J. F. & W. R. Lacey* and *J. M. Herron,* for Sara Bailey, appellee.

GIVEN, J.—I.  On this appeal, this court will only consider questions involved in the case and certified by the trial judge.  Questions not involved in the case will not be considered, though certified, nor will questions involved be considered that are not certified.  Code, sec. 3173.  The case involves only the questions raised by the demurrer to appellant's petition or statement of his claim, and are to be determined from the facts of the petition, and not from any statement or finding of facts not alleged therein.  The trial judge certifies as facts matter not stated in the petition, such as that deceased was a resident of Iowa, and removed therefrom to Kansas in 1880, and died in Kansas in 1880; that deceased owned real estate in Mahaska county; and that appellant's claim was not approved by the clerk.  These facts, not appearing in the petition, cannot be considered in passing upon the demurrer.

1. CLAIM against estate of decedent: demurrer.

The first ground of demurrer is that the facts stated do not entitle appellant to the relief demanded.  No objection was made to this ground as being too general,

and no question as to its sufficiency is certified.    Appellant states his claim to be "to one-third amount of judgment against J. E. Bailey, William Pickrell, and Anna P. Shaw, and in favor of Leighton & Moore, shown on judgment book, page 210, said appellant having paid one-third of said judgment."    All this may be confessed, and yet no liability exist on the part of the estate. For anything that appears, appellant may have been principal in the judgment, or equally liable with the other parties to it.    Clearly, the petition does not state facts that entitle appellant to the relief demanded.

II.    The other ground of demurrer was that the claim showed on its face that it was barred by the statute of limitations.    The demurrer was sustained generally ; whether upon the first or second grounds, or both, does not appear. If upon the first, then it was properly sustained, and, if so, the question as to the bar of the statute, was not involved in the case.    This court will look beyond the certificate to see if the questions certified are involved in the case.    *Swails v. Cissna*, 61 Iowa, 693 ; *McLenon v. Kansas City, St. J. & C. B. Ry. Co.*, 69 Iowa, 320 ; *Miller v. Buena Vista Co.*, 68 Iowa, 711.    Looking to the record before us, we think the questions certified were not necessarily involved in the case.    Therefore, the appeal should be DISMISSED.

2. APPEAL: certificate of judge: practice.