## J. H. LAWRENCE, Appellant, v. R. H. BROWN.

**Husband and Wife:** MEDICAL AID GIVEN WIFE.  A husband is liable for medical services rendered the wife, at her request, while the two are living apart under an agreement that the wife should have an allowance for support, if the physician has no knowledge of said matters.

**Practice in Supreme Court:** CERTIFICATE FOR APPEAL can not be enlarged by agreed abstract, and none but certified matters will be considered.

*Appeal from Buena Vista District Court.*—HON. GEORGE H. CARR, Judge.

WEDNESDAY, MAY 23, 1894.

ACTION at law to recover seventy-seven dollars and fifty cents for medical services rendered by plaintiff to defendant's wife at her request.   The court instructed the jury to find for the defendant, and entered judgment accordingly, to which plaintiff excepted, and, upon a certificate of the trial judge, appeals.—*Reversed.*

*F. J. Brown* for appellant.

*A. D. Bailie* for appellee.

GIVEN, J.—I.   The certificate is as follows:

"I, George H. Carr, hereby certify that the following question of law is involved in the above-entitled cause, upon which it is desirable to have the opinion of the supreme court:   *First.* Is a husband liable for medical services rendered by a third person to his wife at his wife's request, where the husband and wife have, previous to the rendering of said services, entered into a contract whereby the husband agrees to pay the wife fifty dollars per month for her support and mainte-

nance and all family expenses, where the husband and wife, by mutual agreement, are living separate and apart, and where said amount is fully paid by the husband?                    GEO. H. CARR, Judge."

The amount in controversy, as shown by the pleadings, being less than one hundred dollars, no appeal lies except upon a certificate of the trial judge. Code, section 3173. Without a certificate as required, this court is without jurisdiction. *White v. Beatty*, 64 Iowa, 331, 20 N. W. Rep. 459; *Beach v. Donovan*, 74 Iowa, 543, 38 N. W. Rep. 404. Jurisdiction being derived from the certificate, it follows that only such questions as are presented in the certificate will be considered. *Thorp v. Dickey*, 51 Iowa, 676, 2 N. W. Rep. 581; *Miller v. Haley*, 66 Iowa, 260, 23 N. W. Rep. 657; *Ardery v. R'y Co.*, 65 Iowa, 723, 23 N. W. Rep. 141; *Vreeland v. Ellsworth*, 71 Iowa, 347, 32 N. W. Rep. 374; *Chilton v. R'y Co.*, 72 Iowa, 689, 34 N. W. Rep. 473. The parties present "an agreed statement of the facts as proven upon the trial in the court below" that involves entirely different questions from that contained in the certificate. The question certified is whether the agreement to pay and the payment of fifty dollars per month, under the facts stated, relieves the defendant from liability. The facts stated are that the agreement was made previous to the rendering of the service, and while the defendant and wife were, by mutual agreement, living separate and apart. The statement would add to this, that plaintiff knew, before rendering the services, that they were living apart, and had been notified by the defendant that he would not be responsible for any bills incurred by Mrs. Brown. It will be readily seen that the question thus presented is quite different from that certified, and which alone we have jurisdiction to determine.

II.  It is not questioned but that, in the absence of the agreement between the defendant and his wife, the defendant would be liable for the services sued for.

The defendant and his wife were, by mutual agreement, living apart, and, while so living, agree that the defendant shall pay, and that she will receive, fifty dollars per month for her support and maintenance and family expenses.  The plaintiff, without, so far as the certificate shows, any knowledge that they were living apart, or of said agreement, rendered medical services to the wife, at her request.  Conceding that the agreement was valid and binding between the defendant and his wife, it certainly was not as to the plaintiff, under the facts as presented in the certificate.  It may be said that we should look to the facts proven to see what questions are involved, but not so.  We look to the record to see that the questions certified are involved, but not for the questions not certified.  Whether or not the plaintiff would be bound by the contract between the defendant and his wife if he knew thereof before rendering his services, or by notice from the defendant that he would not be responsible for bills incurred by Mrs. Brown, we do not determine, as that question is not certified for our determination.  Our conclusion is that the question certified must be answered in the affirmative.  RE-VERSED.