# APPENDIX

G. W. Breneman v. The Burlington, Cedar Rapids & Northern Railway Company, Appellant.

92 755
f 110 88

Use of private lane held not to have made highway so as to excuse railroad from fencing.

Abstract questions will not sustain appeal on certificate.

*Appeal from Louisa District Court.*—Hon. A. R. Dewey, Judge.

Tuesday, October 9, 1894.

Action to recover double damages for a heifer killed on defendant's line of road in May, 1892. The court directed the jury to return a verdict for plaintiff, and defendant appeals.—*Appeal dismissed.*

*J. C. Leonard* and *S. K. Tracy* for appellant.

*C. A. Carpenter* and *Caldwell Molsberry* for appellee.

Deemer, J.—The amount in controversy being less than one hundred dollars, the trial court certified the following questions of law, as being involved in the case, upon which it is desirable to have the opinion of the court, to wit: *"First.* The defendant having made and maintained an open, adequate crossing, with proper fences on each side of the same, for the accommodation and use of a person and his family, whose only means of reaching a public highway was over and through this crossing, and for others in going to and from their timber lands from the public highway, and the same having been maintained and used without objection in such a manner for about fifteen or twenty years, are they liable for the value of an animal killed upon such crossing, in the sum of double damages, under section 1289 of the Code of Iowa, for a want of a fence, no negligence being charged? *Second.* Can a railway company be held liable for not fencing its right of way, under section 1289, for the want of a fence, after persons had used and occupied an open crossing for fifteen or twenty years prior to the taking effect of the act of the Twenty-second General Assembly (chapter 30, section 3), and the [plaintiff's] stock being killed on the twenty-seventh of May, 1892, on such crossing?"

Appellee has filed an amended abstract, setting forth all the testimony offered, and the complete record in the case, and claims that the

(755)

questions certified were not involved in the case. Defendant offered no testimony, and the questions here presented must be determined from the evidence offered by the plaintiff. This evidence shows that a private lane, about twenty feet wide and thirty or forty rods long, leading from a public highway to some improved and cultivated lands, crosses defendant's right of way about five rods from the highway, and that at this crossing plaintiff's animal was killed. The evidence further shows that this lane is crossed by a fence and gate at its easterly end—the one most remote from the highway—and that until about 1887 the defendant company had and maintained a fence and gate across it, on the westerly side of its right of way. Some time during that year it removed its fence, and the lane has been open for its entire length since that time. It has been used by owners of the land to which it leads, and by wood choppers, who have gone this way to and from their work; and at one time, but more than two years prior to the killing of the heifer, a house situated east of the crossing, and east of the eastern terminus of this lane, was occupied, and the person so occupying it used the lane to reach the public highway, it being the only means of egress he had. It was also used by people who went into the timber, to which it led, to get wood. As we read the testimony, the crossing was put in to enable the owners of land lying on either side of the track to get from one part of their land to the other. It is affirmatively shown that this lane was not a public highway established by law, and there is no evidence of its dedication to the public. Neither is there such evidence of use as to justify the finding by a jury that it was a highway by prescription.

At the conclusion of plaintiff's testimony, defendant moved for a verdict upon the following grounds: "*First.* There was no evidence showing the railroad right of way was not fenced with a sufficient fence, or that the animal was in any manner injured or killed by reason of a want of such fence. *Second.* The evidence further establishes the fact that the animal was killed where a regular traveled road existed prior to the building of the railroad track, and yet exists, and at a point where there is a public crossing; and at no time within twenty-five years has the right of way fence been located by said company so as to obstruct travel at this point, and the company had no right to build their fence at that point, in fencing their right of way. And for the further reason this court has no jurisdiction to determine the question upon appeal, as to whether or not this is a highway by dedication, or by prescription by public use, as this case comes up for appeal from the justice court, which has no jurisdiction to try and determine the question of title to real estate." This motion was overruled, and defendant excepted. The court thereupon instructed the jury to return a verdict for plaintiff. We do not think the questions certified arose in the case. They are, then, mere abstract propositions of law, not necessary to the determination of the controversy, and we must decline to consider them. *Parker v. Michaels*, 74 Iowa, 209, 37 N. W. Rep. 161; *Pickrell v. Hiatt*, 81 Iowa, 537, 46 N. W. Rep. 1062. The appeal will be DISMISSED.