BENGE BROTHERS, Appellants, v. W. S. EPPARD *et al.*

**Corporations:** DIVERSION OF FUNDS: *Rights of creditors.* Code 1873, sections 1071, 1072, which provides that any person who has sustained injury from the diversion of funds of a corporation to 1 other objects than those mentioned in its articles and published notices may recover damages therefor against the persons diverting such funds, does not apply in favor of one not a creditor of the corporation at the time of the diversion.

SAME. Where a corporation at the time of the diversion of its funds had sufficient property remaining to pay all its debts, remaining solvent for a year thereafter, its creditors suffered no legal injury by such diversion, and the participants therein are not subject to liability under Code 1873, sections 1071, 1072, providing that, 3 where a diversion leaves insufficient funds to meet outstanding liabilities of the corporation, any creditor injured may sue the participants therein, for his resulting damage; and this, though it becomes insolvent before the creditor gets judgment.

**Appeal Certificate:** *Review.* Under Code 1873, section 3173, authorizing the review of cases involving less than one hundred dollars ($100) on a certificate from the trial judge, and requiring all facts 2 essential to the proper decision of the matter to be stated in such certificate, a question, the answer to which depends upon facts not appearing in the certificate, cannot be determined.

*Appeal from Madison District Court.*—HON. J. H. APPLE-GATE, Judge.

FRIDAY, DECEMBER 15, 1899.

ACTION at law to recover of defendants, as directors of a corporation known as the Pitzer Creamery Company, the

amount of a judgment held by plaintiffs against said corporation. There was a trial to the court, resulting in a judgment for defendants, and plaintiff appeals.—*Affirmed.*

*Steele & Robbins* for appellants.

*John Leonard & Son* for appellees.

DEEMER, J.—There being less than one hundred dollars involved, the case comes to us on a certificate from the trial judge, the material parts of which are as follows: "Is a judgment creditor of a corporation injured, within the meaning of section 1072 of the Code of 1873, by a diversion of the funds of said corporation to other objects than those mentioned in the articles of incorporation and the published notices, if, notwithstanding said diversion, the corporation for the period of about one year thereafter remains solvent, yet; prior to the time said creditor obtained his said judgment and issued execution thereon, all the property of said corporation is exhausted in the satisfaction of other claims, so that said execution is returned wholly unsatisfied? The section of the Code of 1873 referred to reads as follows: "The diversion of the funds of the corporation to other objects than those mentioned in their articles and in the notices published as aforesaid, if any person be injured thereby, and the payment of dividends which leave insufficient funds to meet the liabilities of the corporation, shall be deemed such frauds as will subject those therein concerned to the penalties of the preceding section," etc. The preceding section provides that any person who has sustained injury from such fraud may recover damages therefor against those guilty of participating therein. The certificate was made before the adoption of the Code of 1897, and is, therefore, governed by the provisions of the Code of 1873. The section of that Code referring to certificates where the amount involved was less than one hundred dollars as construed in *Courtright v. Manufacturing Co.,* 77 Iowa,

517, required all the facts essential to a proper decision of the matter to be stated; and, where the answer depends upon a fact not appearing in the certificate, the question cannot be determined. It was also held in *Eckert v. Pickel,* 59 Iowa, 545, and *Breneman v. Railway Co.,* 92 Iowa, 755, that mere abstract questions of law would not be determined. The certificate in this case does not show that defendants were in any manner concerned in the diversion of the funds, hence the question certified is merely an abstract one, and, so far as appears, not determinative of the case. Treating the certificate as sufficient, we are of opinion that the question should be answered in the negative, for the following reasons: *First.* It is only persons injured by the diversion of funds who are deemed to be defrauded. If plaintiff was not a creditor at the time the diversion of funds was made, he was not injured. The certificate does not show that plaintiff was a creditor at the time the alleged diversion occurred. *Second.* If the plaintiff was a creditor, but the corporation had sufficient property remaining at the time of the diversion to pay all debts, there was no injury, in a legal sense, for the reason that, as to creditors, a corporation, like an individual, may give away or make such disposition of its property as it pleases, so long as it retains sufficient to pay its debts. There can be no fraud as against a creditor unless he be prejudiced in some manner by the action complained of. The certificate shows that for about a year after the alleged diversion the corporation was perfectly solvent. This view finds support in the case of *Miller v. Bradish,* 69 Iowa, 279. It is said, however, that the diversion of funds in that case was the payment of dividends, and that this fact distinguishes that case from this one. We do not think so. What is said in the third division of that opinion has reference to a diversion of the funds of a corporation. There, as here, there was no claim of any fraudulent diversion. In each case the right to recover under the statute is made to depend upon injury to the individual.

Here, as there, there was no legal injury. But, if there was such injury, there is no showing in the certificate that the defendants were in any manner concerned therein.— AFFIRMED.

GRANGER, J., not sitting.