ST. LUKE'S MEDICAL CENTER,
Appellant,

v.

Maurice ROSENGARTNER, Appellee.

No. 2–56484.

Supreme Court of Iowa.

July 31, 1975.

Patrick C. McCormick, Sioux City, for appellant.

Leamer & Galvin, South Sioux City, Neb., for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, and HARRIS, JJ.

UHLENHOPP, Justice.

The question in this appeal is whether a husband is liable to a hospital for his wife's hospital expense incurred while the husband and wife were living apart by agreement.

Maurice and Theresa Rosengartner married in 1939, had four children, and lived together until 1964 when they separated by agreement. Theresa kept the children. Maurice lived in various places outside Iowa until 1967 when he became a resident of Sioux City. From 1964 until Theresa's death, Maurice visited in her home about five times and only temporarily on those occasions. They never dissolved their marriage.

Prior to and also at the time of her last sickness—and within the period that she and Maurice were living apart—Theresa incurred hospital expenses in St. Luke's Medical Center in the sum of $3161.25, which are unpaid. She died on February 14, 1971.

St. Luke's brought the present action against Maurice to recover $3161.25, interest, and costs, and attached a photocopy of the itemized account to its petition. After trial, the trial court held for Maurice on the ground that a family relationship did not exist between Maurice and Theresa when St. Luke's rendered the services. St. Luke's appealed, urging that Maurice is liable.

I. The legislature provided in § 597.14, Code 1975:

The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.

At trial the parties stipulated that St. Luke's rendered the services and that $3161.25 is reasonable in amount.

■ As to the nature of expenses which constitute expenses "of the family," see *McDaniels v. McClure*, 142 Iowa 370, 120 N.W. 1031. Medical and hospital expenses are of that character. *Iowa Methodist Hospital v. Utterback*, 232 Iowa 739, 6 N.W.2d 284.

■ Maurice contends he is not liable for Theresa's hospital expenses because he and she were living apart at the time she incurred them. Under our law, however, a spouse cannot so easily cast off his or her responsibility to third persons for obligations incurred by the other spouse for items which are of the character of family expenses. *Iowa Methodist Hospital v. Utterback, supra; Lawrence v. Brown*, 91 Iowa 342, 59 N.W. 256. If a spouse desires to end his or her responsibility to third persons prospectively, the course is by dissolution or separate maintenance. See Code 1975, ch. 598.

■ We are unable to draw a meaningful distinction between this case and *Lawrence v. Brown, supra*. True, there the husband agreed to make monthly payments to the wife, but this court clearly indicated what the result would be in the absence of that

circumstance. See 91 Iowa at 344, 59 N.W. at 257 ("It is not questioned but that, in the absence of the agreement between the defendant and his wife, the defendant would be liable for the [medical] services sued for.").

We thus hold that the trial court should have found Maurice liable.

■ II. Maurice also contends that St. Luke's pleaded an account stated but did not prove one. The petition is broad enough, however, to encompass an action on account. In view of the parties' stipulation that St. Luke's furnished the services shown on the account and that the charges for her care are reasonable, the trial court found as a fact that Theresa "was a patient in plaintiff's hospital and she incurred charges for hospital services in the amount of $3161.25, which charges were fair and reasonable." St. Luke's is thus entitled to recover on the account, whether or not it established an account stated. *Jewett Lumber Co. v. Anderson Coal Co.*, 181 Iowa 950, 165 N.W. 211.

We return the case to district court for entry of judgment for St. Luke's in the sum of $3161.25, together with interest and costs.

Reversed and remanded.