MEEKER v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Railroads:** SUFFICIENCY OF PUBLIC CROSSINGS: INJURY TO STOCK. If railroad crossings at highways are so constructed that the public can cross with teams and vehicles with reasonable safety and convenience, such crossings are sufficient in law to protect the company from liability for damages for stock killed at such crossings.

2. ———: ———: APPROACHES TO: QUESTION FOR JURY. If the approaches to a railway at a highway crossing are not constructed exactly opposite to each other, it is a question for the jury whether the defect is such as to render the company liable for stock killed by a train at such crossing.

3. **Appeal to Supreme Court:** LESS THAN $100: PRACTICE IN GRANTING CERTIFICATES: SUGGESTION TO TRIAL JUDGES. It is suggested that if trial judges would give counsel to understand, when they enter upon the trial of cases involving less than $100, that no certificate for an appeal would be given unless upon the court's own motion, many appeals, intended by the statute to be excluded, would be prevented, and the law in this class of cases would be better administered than it now is.

*Appeal from Tama District Court.*

THURSDAY, OCTOBER 23.

THIS is an action to recover damages for the value of a cow killed by one of defendant's engines, at a public crossing, by reason, as it is alleged, of the crossing of the railroad track being insufficient and unsafe. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Struble & Kinne,* for appellant.

*Stivers & Louthan,* for appellee.

ROTHROCK, CH. J.—The amount claimed in the petition was $40, and the verdict of the jury was $35.86. No appeal is allowed in such cases, unless the record involves a question or questions of law upon which it is desirable to have the opinion of the supreme court; and the trial judge is

required to certify that the cause involves such question. Code, § 3173. The certificate in this case is as follows:

"1. When a railroad company in this state so constructs crossings where highways cross its track that it is reasonably safe for the public to cross with teams and vehicles, is such crossing sufficient to protect the company for stock killed on such crossing while attempting to cross the railroad?

"2. If a railroad crossing at public highways and the approaches thereto are so constructed that the public can cross the railroad at such point with teams and vehicles with reasonable safety and convenience, will the railroad company be liable for stock killed on such crossing, because the approaches on each side of the railroad are not of the same width immediately at the point where such approaches come to the track, or are not constructed directly opposite each other in whole, "but where sufficient of such approaches are opposite each other as to constitute sufficient width for the crossing of the public by teams and vehicles with reasonable safety and convenience?

"3. If railroad crossings at highways are so constructed that the public can cross with teams and vehicles with reasonable safety and convenience, are such crossings sufficient in law to protect railroad companies from liabilities for stock killed by trains at such crossings?"

It has been repeatedly held by this court that the certificate in this class of cases should state the question of law to be determined in such manner as to explain itself, without reference to the record in the case.

Appellant desires the first question answered in the affirmative, because the court instructed the jury that, if they found that teams and vehicles and cattle could safely cross and re-cross the railroad, the defendant would not be liable. It is claimed that the instruction required absolute safety in the crossing in order to exonerate the defendant. Taking the instructions together, no such test of the sufficiency of the crossing was made. Of course, the third question certified

should be answered in the affirmative, but such answer would not lead to a reversal, because it is, in substance, the same as the instructions given by the court to the jury,  As to the second question,·all we desire to say is, if the approaches were not constructed exactly opposite to each other, it was for the jury to say whether this was such a defect as to hold the defendant liable for the killing of the cow.

This case is an example of many that are certified to us under the law regulating appeals in this class of actions. The purpose of the law was to prevent appeals in cases where the amount is but trifling, unless there is an important question of law involved, which should be determined, in order that the decision may serve as a precedent.  In this case there is no real dispute as to what the law is, but the controversy is, did the court err in its instructions to the jury? With all due respect to the learned district judge who presided at the trial, we think that about the only error in the case consisted in certifying it to this court; and if trial judges would give counsel to understand, when they enter upon the trial of these cases, that no certificate would be given unless upon the court's own motion, the law in this class of cases would be much better administered than it is now.

AFFIRMED.