## UNITED STATES *v.* REILLY.

CERTIFICATE OF DIVISION IN OPINION FROM THE DISTRICT OF CALIFORNIA.

No. 1036. Submitted April 9, 1889. — Decided May 13, 1889.

No statute of the United States authorizes a commissioner of a Circuit Court to administer an oath to a deputy surveyor of the United States in regard to the manner in which he fulfilled a contract for surveying public land.

*United States* v. *Hall, ante*, 50, affirmed and applied to the certificate of division in opinion in this case.

THE case is stated in the opinion. This cause coming on to be heard next after *United States* v. *Hall, ante,* 50, and *United States* v. *Perrin, ante,* 55, the court declined to hear argument upon it.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Walter H. Smith, Mr. Frank H. Hurd,* and *Mr. William M. Stewart* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This case comes before us from the Circuit Court of the United States for the District of California, upon a certificate of division in opinion between the judges holding that court. It arises out of an indictment against the defendant, M. F. Reilly, in which he is charged with falsely certifying, as a commissioner of the Circuit Court of the United States for that circuit, to an oath or affidavit taken before him by one Charles Holcomb.

The indictment sets out that Holcomb, as a deputy United States surveyor, had a contract similar to that recited in the previous case of *United States* v. *Hall, ante,* 50, by which contract it was necessary that he should make affidavit that he had personally rendered the service required by it before he could obtain the certificate of the surveyor general, William H. Brown, or his successor in office, upon which he could draw compensation for that service. The indictment alleges that, instead of making such affidavit, he, or some one for him, procured the defendant, Reilly, who was a commissioner appointed by the Circuit Court of the United States under the act of Congress on that subject, to make out the form of an affidavit, and certify to it under his seal as such commissioner; when in fact no such oath was taken by Holcomb, nor any such affidavit made by him. For this offence Reilly is indicted.

A demurrer to this indictment was filed, alleging eight different objections to it, and on the argument of that demurrer the judges holding the Circuit Court certified to us

ten different questions on which they were divided in opinion on that hearing.

The remarks already made in the previous case, in regard to splitting up the case into numerous points in order to get this court to decide the whole matter in dispute in advance, apply with increased force to this case. Without further comment on this, it is sufficient to say that in the present case, as in that, one of the questions, relating to the power of the commissioner to administer the oath in this case, if he had attempted to do it, is we think pertinent and should be answered. That question, the fifth one of the series certified to us, is as follows: "Has a commissioner of the United States Circuit Court authority to administer oaths and make certificates for the purposes for which the certificate set out in the indictment is alleged to have been made and used?

Of course, if he had no authority to administer the oath, it was a wholly useless paper in which he made the certificate that the oath had been taken, and whether there is any law punishing him for that offence we are not informed, nor are we required by any of these certificates of division in opinion to inquire.

With regard to the question here asked us, it is sufficient to say that, as in regard to the power of notaries public to administer oaths, presented by the preceding case referred to, we have been unable to find any authority for a Circuit Court commissioner to take such affidavits or to administer such oaths.

*The question is, therefore, answered in the negative.*