## UNITED STATES *v.* MANION.

*(District Court, D. Washington, N. D.   December 10, 1890.)*

1. PERJURY—RULES AND REGULATIONS OF LAND-OFFICE.

   Rules and regulations issued by the commissioner of the general land-office, pursuant to section 2351, Rev. St., do not have force as laws of the United States, within the meaning of section 5392, Rev. St., relating to perjury.

2. SAME—OATH BEFORE NOTARY PUBLIC.

   Notaries public are not authorized by any law of the United States to administer oaths to affidavits required by the rules and regulations prescribed by the commissioner of the general land-office.

3. SAME.

   Perjury cannot be assigned upon an affidavit made before a notary public by a person in support of his claim to a preference right to purchase coal land under sections 2348, 2349, Rev. St.

*(Syllabus by the Court.)*

Indictment for Perjury.

*P. C. Sullivan*, Asst. U. S. Atty.

*James Hamilton Lewis*, for defendant.

HANFORD, J.   This indictment is founded upon section 5392, Rev. St. U. S., which reads as follows:

"Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punishable by a fine of not more than two thousand dollars, and by imprisonment at hard labor not more than five years; and shall, moreover, thereafter be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed."

The perjury alleged to have been committed by the defendant is assigned upon an affidavit made by him before Paul D'Heirry, a notary public, in support of his claim as a pre-emptor of coal land, under sections 2348 and 2349, Rev. St. U. S.   A demurrer has been interposed, raising the question whether such an affidavit is authorized or required by any law of the United States, and whether a notary public is competent to administer an oath to such affidavit.   Section 2347 *et seq.*, Rev. St., relating to sale of coal lands, does not in terms prescribe or authorize such an affidavit as the one now under consideration, nor confer any authority upon notaries public; and no act of congress has been called to my attention which does authorize the oath, or vest in such officer the power to administer it, and according to my understanding of the decisions of the supreme court of the United States in the cases of *U. S. v. Curtis*, 107 U. S. 671, 2 Sup. Ct. Rep. 507; *U. S. v. Hall*, 131 U. S. 50, 9 Sup. Ct. Rep. 663; *U. S. v. Perrin*, 131 U. S. 55, 9 Sup. Ct. Rep. 681; and *U. S. v. Reilly*, 131 U. S. 58, 9 Sup. Ct. Rep. 664, for want of statutory provisions covering these points, the case is not within section 5392.   Section 2335 only provides, in effect, that any affidavit required

by any provision of the chapter of the Revised Statutes relating to the sale and disposal of mineral lands, into which the coal-land act has been incorporated, may be sworn to before any officer authorized to administer oaths. By its terms it expressly limits the general authority so given to the particular affidavits required or authorized by the chapter, and it can have no bearing upon this case, for the reason that the affidavit in question is not one that is so required or authorized.

The United States attorney has contended that, pursuant to section 2351, Rev. St., the commissioner of the general land-office has issued rules and regulations which have the force of law, supplying omissions in the acts of congress in the particulars stated; and in support of the indictment he cites *U. S.* v. *Bailey*, 9 Pet. 238. I have found, upon examination, that the regulations and instructions first promulgated by Commissioner Drummond, under authority of this section, seem to require the party claiming a preference right under the coal-land law to appear in person, and swear to an affidavit in a prescribed form before the register or receiver of the land-office, and do not confer any authority upon notaries public. If any different rules or regulations upon the subject have been subsequently issued, they have not been brought to my attention, although time was given the United States attorney for the purpose of obtaining copies of all rules and regulations bearing upon the question. I think, however, that the decision in *U. S.* v. *Bailey*, as it has been explained in the opinion of the supreme court by Mr. Justice HARLAN in *U. S.* v. *Curtis*, does not support the district attorney in the position which he has taken. Perjury can only be assigned upon an oath authorized by a law of the United States. "Law," according to the most familiar definition of that term, is a rule prescribed by the supreme power in the nation. Now the commissioner of the general land-office is not the supreme power in the United States. He does not create the laws of the United States, and he cannot be endowed with power to do so while the present constitution is upheld. He may exact from all who transact business in his bureau and in the district land-offices compliance with the rules and regulations which he is authorized to make, but he cannot prescribe a rule which can have the force of a law of the United States, and the violation of which can be punished as a felony.

I conclude, therefore, that the demurrer to this indictment must be sustained.