WACO WATER AND LIGHT COMPANY V. CITY OF WACO ET AL.

No. 142.

## 1. Questions Certified to Supreme Court.

The statute prescribes that "whenever in any case pending before the Court of Civil Appeals there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of said court *to certify the very question to be decided* to the Supreme Court," etc. This statutory rule is disregarded when the matter certified is whether a demurrer was properly sustained in the trial court in a case involving many issues...... 662

## 2. Same—Practice.

Whether a petition is sufficient to maintain an action is a question of law; but as is frequently the case the decision of that question involves the decision of many and difficult questions of law, and in order that the time of this court may not be taken up in deciding questions about which a Court of Civil Appeals may have no doubt, and desires no decision, these courts are required to certify—to make certain or definite—the very question to be decided. It was never intended that this court on certificate should determine what questions of law were involved in a cause and then decide them........ ...... ........... 663

## 3. Same.

To decide upon questions involving the entire record, jurisdiction was conferred on Courts of Civil Appeals, and neither the statute nor the Constitution contemplates the exercise of such appellate jurisdiction by this court so long as the case remains undecided by the Court of Civil Appeals ..................................................... 663

## 4. Cases Discussed.

The numerous cases in which certified questions were discussed by the Supreme Court of the United States under laws authorizing such jurisdiction, are reviewed, and the practice of that court followed ........ 664

CERTIFIED QUESTIONS from Court of Civil Appeals for Third District, in an appeal from McLennan County.

*Richard I. Mourie* and *William B. Hord,* for appellant.

*L. C. Alexander* and *James A. Harrison,* for appellees.

STAYTON, CHIEF JUSTICE.—The statute provides, that " whenever in any case pending before the Court of Civil Appeals there should arise an issue of law which said court should deem it advisable to present to the Supreme Court for adjudication, it shall be the duty of the presiding judge of said court *to certify the very question to be decided* to the Supreme Court; and during the pendency of the decision by the Supreme Court the cause in which the issue is raised shall be retained for final adjudication in accordance with the decision of the Supreme Court upon the issue submitted."

The certificate presented is as follows: "This suit was instituted by appellant in the District Court of McLennan County, December 19, 1891. On hearing in chambers the district judge refused to grant an injunction; and on the 9th day of March, 1892, in term time, a general demurrer to plaintiff's petition was sustained. A copy of the petition and exhibits thereto is hereto attached."

The appellant assigns as error the ruling of the court on the demurrer to the petition, and the Court of Civil Appeals for the Third Supreme Judicial District hereby certifies that question to the Supreme Court for decision.

The petition and exhibits referred to are attached, and from them it may be seen that a water company is seeking to enjoin the collection of a tax on its property, levied for the purpose of paying for water which the city authorities had contracted to take from a rival water company.

The determination of the question whether the demurrer was properly sustained to the petition would require an investigation of the powers of the city of Waco under the law incorporating it, the powers of the water company with which it made contract for water, as well as an inquiry whether the contract between the city and the water company was in due form executed by proper officers, and within the lawful powers of the two corporations. In the consideration of these general questions, many questions subordinate in nature would necessarily arise, and would require determination, before it could be determined whether a general demurrer to the petition was properly sustained.

Questions would also arise as to the effect of the several averments of fact which it would be necessary to decide; and the inquiry arises whether it was the purpose of the Legislature to permit an entire case on law and fact thus to be certified for decision, or whether it was only intended that this court, on certificate, should decide specific questions of law formulated by a Court of Civil Appeals from a record before it.

The statute declares, that the question to be certified must present "an issue of law," and that it shall be "the duty of the presiding judge of said court *to certify the very question to be decided.*"

The purpose of this is manifest. There may be many questions arising, on general demurrer or otherwise, in a cause necessary to its decision, about which a Court of Civil Appeals will entertain no doubt, while there may be but a single question about which doubt is entertained; and the purpose of the law is to permit Courts of Civil Appeals to have the decision of that question or such questions made by the Supreme Court; but the very question for decision here must be stated by the Court of Civil Appeals.

Whether a petition is sufficient to maintain an action is a question of law; but as is frequently the case, the decision of that question involves the decision of many and different questions of law; and in order that the

time of this court may not be taken up in deciding questions about which a Court of Civil Appeals may have no doubt and desires no decision, those courts are required to certify—to make certain or definite—*the very question to be decided.*

It was never intended that this court, on certificate, should determine what questions of law are involved in a cause and those decide; but it was intended that Courts of Civil Appeals should propound questions which they may deem it proper to certify.

The certificate in question does not differ in any material respect from one in which a Court of Civil Appeals would find the facts existing in a cause before them, these certify to this court, and therein propound the question whether judgment should have been rendered in favor of the one party or the other.

To decide such a question, appellate jurisdiction was conferred on Courts of Civil Appeals, and neither the statute nor the Constitution contemplates the exercise of such appellate jurisdiction by this court, so long as the cause remains undetermined by a Court of Civil Appeals.

This court, however, has held, that so much of the statute as authorizes Courts of Civil Appeals to certify questions of law to them for decision, and makes such decisions binding, is not in violation of the Constitution; but to confer such jurisdiction the statute must be complied with.

The practice of certifying questions for decision is new in this State, but has long existed under the laws of the United States, and examination of the decisions of the Supreme Court of the United States will show the practice as well as the jurisdiction which may be lawfully exercised on such certificates by that court.

There are several statutes bearing on that matter. One of them relates to criminal proceedings, and provides, that when " the judges are divided in opinion, and the point upon which they disagree is certified to the Supreme Court according to law, such point shall be finally decided by the Supreme Court. U. S. Rev. Stats., arts. 697, 651.

Another related to civil proceedings, and provided, that when "any question has occurred upon which the opinions of the judges were opposed, the point on which they so disagree shall, during the same term, be stated under the direction of the judges, and certified, and such certificate shall be entered of record." U. S. Rev. Stats., art. 652.

There was still an earlier law which required a Circuit Court, at the request of either party, to certify to the Supreme Court a question of law existing in a cause in reference to which the judges might differ, and on this the Supreme Court was required to decide the question so certified, which would govern in the after-disposition of the cause.

Under these statutes many decisions were made, and reference to some of them will be given to illustrate the construction placed on such statutes.

Demurrers to an indictment were filed, and after argument certified to the Supreme Court for decision, without stating upon what point a decision was desired.

In disposing of the case, Chief Justice Taney said: "Now in the case before us, the question upon which the disagreement took place is not certified. The difference of opinion is indeed stated to have been on the *point* whether the demurrer (which was certified) should be sustained. But such a question can hardly be called a point in the case, within the meaning of the act of Congress; for it does not show whether the difficulty arose upon the construction of the act of Congress on which the indictment was founded, or upon the form of proceeding adopted to inflict the punishment, or upon any supposed defect in the counts in the indictment. On the contrary, the whole case is ordered to be certified upon the indictment, demurrer, and joinder, leaving this court to look into the record, and determine for itself whether any sufficient objection can be made in bar of the prosecution, and without informing us what question has been raised in the Circuit Court upon which they differ." United States v. Briggs, 5 How., 209.

"The question whether a demurrer shall be sustained, is not sufficiently definite. The precise legal point involved * * * should be stated. The court is not bound to look beyond the certificate to ascertain the point. * * * In the case before us the questions certified are, 'whether in point of law, upon the facts as stated and proved, the action could be maintained; and whether, consequently, the jury should be instructed that under the facts as proved the plaintiff could not recover.'" Daniels v. Railway, 3 Wall., 250. The certificate was dismissed.

"The court can not take jurisdiction of this case, because, besides the manifest attempt to refer to this court for decision substantially the whole case by the device of splitting it up into small questions, neither of the questions certified presents a distinct point or proposition of law, clearly and precisely stated; but each requires this court to find out for itself the point intended to be presented, by searching through the allegations of the answer and the provisions of the statute relied on by the plaintiff, and also by examining either the whole Constitution of the State, or else reports or records of decisions of its courts referred to in the answer and made part thereof. The certificate is even more irregular and insufficient. than one undertaking to present the question, arising on demurrer or otherwise, whether an indictment or count therein sets forth any offense, which this court has constantly held not to be a proper subject of a certificate of division." Dublin Township v. Milford Institution, 128 U. S., 513.

"The question certified 'must be a distinct point or proposition of law, clearly stated, so that it can be definitely answered, without regard to other issues of law or fact in the case;' * * * it must be a 'question.

of law only, and not a question of fact, or of mixed law and fact;' hence it must not involve or imply a conclusion or judgment upon the weight or effect of testimony, or facts adduced in the cause—as, for example, a question of brand, which is necessarily composed of fact and law; * * * it must not embrace the whole case, even when its decision turns upon matters of law only, even though it be split up into the form of questions." Ins. Assn. v. Wickham, 128 U. S., 434.

The opinions in the following cases, in which are cited many others, are to the same effect: Jewell v. Knight, 123 U. S., 432; United States v. Hall, 131 U. S., 51; United States v. Perrin, 131 U. S., 56; United States v. Reilley, 131 U. S., 58; United States v. Lacher, 134 U. S., 624; United States v. Chase, 135 U. S., 255.

The statute in force in this State, permitting questions to be certified, is more peremptory than the acts of Congress in the requirement that the very point or question must be certified, and a certificate which does not comply with its requirements must be dismissed.

It is so ordered.

Delivered May 10, 1894.