The State vs. Hickok.

THE STATE vs. HICKOK.

*March 12 — April 3, 1895.*

(1) *Excise laws: Unlicensed sale of liquor: Complaint: Certainty: Place of sale.* (2) *Report to supreme court: Question which did not arise.*

1. A complaint for selling liquor without a license, charging such a sale in a certain county and on a certain day, states the offense with sufficient certainty, although no town, city, or village is named in which the sale is alleged to have been made.
2. A question which does not appear to have arisen in the case cannot be reported to the supreme court under sec. 4721, R. S.

REPORTED from the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge.

On September 26, 1893, a complaint in writing was made to T. F. Baldwin, a justice of the peace residing and having his office in Lancaster, Grant county, Wisconsin, and sworn to before said justice of the peace, of which the following is a copy:

"COMPLAINT FOR CRIMINAL WARRANT.

"*State of Wisconsin, Grant County, City of Lancaster — ss.:* James Ballantine, A. C. Tubbs, and Grant Ballantine, of lawful age, being severally duly sworn, on his oath, each for himself makes complaint and says that he has good reason to believe that *George Hickok* did on the 9th day of September, A. D. 1893, at said county, unlawfully vend, sell, deal, and traffic in, and, for the purpose of evading the laws of this state, give away, certain spirituous, malt, ardent, and intoxicating liquors and drinks, without first having obtained a license therefor according to the laws of this state, contrary to the form, force, and effect of section 1550 of the Revised Statutes of the state of Wisconsin, as amended by section 1 of chapter 322 of the laws of said state passed in the year 1882, and section 4 of chapter 296 of the laws of said state passed in the year 1885, and against the peace and

The State vs. Hickok.

dignity of the state of Wisconsin,— and prayed that the said *George Hickok* may be arrested and dealt with according to law.                                          JAMES BALLANTINE,

" GRANT BALLANTINE,

" A. C. TUBBS.

" Subscribed and sworn to before me this 26th day of September, A. D. 1893.                       T. F. BALDWIN,

" Justice of the Peace."

Thereupon a warrant of arrest was issued by said justice under said complaint, describing the offense in the exact language of the complaint. The defendant was thereupon arrested upon said warrant and brought before said justice. After pleading not guilty, he was tried and convicted, and thereupon appealed to the circuit court for Grant county.

Before the trial was entered upon in the circuit court the defendant moved to dismiss the action and discharge the defendant, for the reason that the complaint failed to state any town, city, or village in which the alleged offense was committed. Said motion was overruled by the circuit court, and the defendant, March 6, 1894, put in a verified special plea to the same effect, and also that he held a license from the town of Wyalusing to sell intoxicating liquors in the village of Bagley therein.

The state thereupon demurred to said special plea, and said demurrer was sustained by the circuit court. A jury was waived and the case was tried by the court, and, the defendant having been found guilty, before sentence, by consent of the defendant, the cause was certified to this court on the following questions, to wit:

" First.   Does a complaint charging a sale of intoxicating liquors in Grant county, Wisconsin, on September 9, 1893, without a license (without naming any town, city, or village therein), state an offense with sufficient certainty and precision to apprise the defendant of the offense for which he is to be tried?

---

The State vs. Hickok.

---

" Second.    Can the court pronounce sentence on a judg-
ment of conviction on this complaint?

" Third.    Does the adoption of prohibition in a town, city,
or village, under the provisions of ch. 521, Laws of 1889
(Local Option Law), suspend, repeal, or abrogate the pro-
visions of the general law regulating the license and sale of
intoxicating liquors within said district?    Can a prosecution
be maintained under either law?"

For the plaintiff there was a brief signed by the *Attorney
General, L. K. Luse,* Assistant Attorney General, and *Rich-
mond & Smith,* of counsel, and oral argument by *J. B.
Smith.*    To the point that the complaint does not fail to
charge an offense because the name of the town, city, or
village where the sale of liquor was made is not named,
they cited *Boldt v. State,* 72 Wis. 7; *Hall v. People,* 43 Mich.
417; R. S. secs. 4658, 4659, 4669; *Hintz v. State,* 58 Wis.
493; *State v. Gummer,* 22 id. 441, 442; *State v. Bielby,* 21
id. 204, 206; 1 Bishop, Crim. Proc. §§ 49, 364, 367, 370, 371;
*Heikes v. Comm.* 26 Pa. St. 519; *Carlisle v. State,* 32 Ind. 55;
*Comm. v. Tolliver,* 8 Gray, 386; *State v. Smith,* 5 Har. (Del.),
490; *State v. Shaw,* 35 Iowa, 575, 578; *Jenks v. State,* 17
Wis. 665.

*Joseph Cleary,* for the defendant, contended, *inter alia,*
that an offense must be stated with sufficient certainty to
enable the defendant to know for what particular offense he
is to be tried, and as a bar to further prosecutions.    *State ex
rel. Sullivan v. Tomah,* 80 Wis. 198; *State v. Burchard,* 57
N. W. Rep. 491; Black, Intox. Liq. § 461; *Arrington v.
Comm.* 87 Va. 96; *U. S. v. Mills,* 7 Pet. 138; *U. S. v. Sim-
mons,* 96 U. S. 360; Archbold, Crim. Pl. (13th ed.), 41.    The
second question should be answered in the negative.    Under
sec. 1563, R. S., the place where liquors are sold in violation
of law is a public nuisance and, on conviction of the keeper
thereof, must be shut up and abated.    Kansas under a sim-
ilar statute so holds.    *Hagan v. State,* 4 Kan. 89; *State v.*

*Sterns*, 28 id. 154. An order abating the nuisance must be a part of the judgment. *State v. Wacker*, 71 Wis. 672.

CASSODAY, J. The defendant was convicted of having sold intoxicating liquors without a license, in violation of S. & B. Ann. Stats. sec. 1550. No question is made but that the justice of the peace residing in Lancaster had power and jurisdiction to hear, try, and determine the offense charged if it arose anywhere in Grant county. R. S. sec. 4739; *State ex rel. Dunn v. Bilder, ante*, p. 10. The complaint does charge that the offense was committed in Grant county.

It is contended, however, that the complaint is fatally defective because it fails to allege in what particular town, village, or city in that county the offense was committed. The judge of the circuit court, deeming the question "so important or so doubtful as to require the decision of" this court, has certified the question for adjudication under the statute (R. S. sec. 4721). The complaint contains everything which the excise law requires such a complaint to contain. S. & B. Ann. Stats. sec. 1551. It also contains everything required in the prescribed form for criminal complaints in justices' courts. R. S. secs. 4740, 4741. These sections require the complaint to be made, and the warrant to issue thereon, whenever it is made to appear to the justice, in the manner prescribed, that such an offense as the justice has jurisdiction of has been committed within the county. The complaint seems to contain everything required by the statutes for an information. R. S. secs. 4657–4659. The most important requirements are that it shall appear from the complaint or information that the offense was committed within the jurisdiction of the court, and that the offense charged is set forth with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case. *Ibid.* The offense having been created by statute, it would seem to be sufficient

for the complaint to describe it substantially in the words of the statute. R. S. sec. 4669; *Hintz v. State*, 58 Wis. 493. The count of the information held good in that case was just as objectionable, as to the question here considered, as the complaint in the case at bar. See *State v. Boncher*, 59 Wis. 477; *Sires v. State*, 73 Wis. 255; *State v. S. A. L.* 77 Wis. 467. In *Boldt v. State*, 72 Wis. 7, the complaint was substantially the same as the complaint in the case at bar, and for the same offense, and it was expressly held to be sufficient. True, the prosecution on the trial was bound to prove the sale of liquor, and such proof undoubtedly revealed the location and town where the sale was made. And so the prosecution was bound to show, at least by presumptive evidence, that the defendant had made such sale in such town without a license. *Hepler v. State*, 58 Wis. 46. Nevertheless, it was a mere matter of evidence, and the proof of a negative at that. If the defendant had a license to sell at the place so revealed by the evidence, then he had in his possession conclusive evidence of such license, and that was available as a perfect defense. Since the only defense available, in case he had made such sale, was the license in his own possession, there would seem to be no danger of the defendant's being misled, to his injury, by the failure of the complaint to specifically name the place in which the sale took place.

For the reasons given the first and second questions certified are, respectively, answered in the affirmative.

It does not appear from the record in what particular place, nor in what particular town, in Grant county, the proof shows that the offense was committed for which the defendant was convicted. It is alleged in his special plea that he had a license to sell at a particular place in the village of Bagley, in the town of Wyalusing, and so we assume the sale was not made at that particular place. The special plea also alleges that at the time in question the sale of in-

toxicating liquors had been prohibited in the several towns of Patch Grove, Bloomington and Montford, in Grant county, under the provisions of Laws of 1889, ch. 521 (S. & B. Ann. Stats. secs. 1565*a*–1565*f*). But it is not alleged on the part of the state nor on the part of the defendant, nor does it appear anywhere in the record, that the sale for which the defendant was convicted took place in either of those towns in which such sale was so prohibited. This being so, the third question certified by the trial judge propounds a question of law which does not appear to have arisen in this case, and hence is not properly a question to be so certified, under the statute. R. S. sec. 4721. Under that section, we are only to determine questions which have actually arisen in the trial of a cause, and not abstract questions which may possibly arise in the future.

For the reasons given, we decline to answer the third question certified.

*By the Court.*— Ordered accordingly.