GEORGE P. ELLIS, Appellant, v. KEOKUK COUNTY.

Appeal Certificate must show that certified questions are involved in the case. It is not sufficient that the record sent up shows this.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, APRIL 4, 1895.

Action to recover for fees as constable. Counter-claims for taxes. Judgment for the defendant, from which the plaintiff appealed.—*Dismissed.*

*C. M. Brown* for appellant.

*D. T. Stockman,* county attorney, for appellee.

Granger, J.—The amount in controversy in this case is less than one hundred dollars, and it comes to us on a certificate of the trial judge, to which we must look for the jurisdictional facts and the questions that we are to consider. Appellee urges that we have no jurisdiction, because it does not appear from the certificate that the questions certified are involved in the case. Appellant does not attempt by argument to meet the claim, and, indeed, it seems to us that, in the view of our holdings, he could not. The certificate commences with the following language, after the title of the cause and the court in which it is pending: "Be it remembered that in the opinion of the judge of the district court of Keokuk county, Iowa, deciding said cause on motion to dismiss the appeal, it is desirable to have the opinion of the supreme court on the following questions, to-wit." This is followed by quite a lengthy

statement of facts, and three questions for our consideration. There is no other language that is designed or tends to show that the certified questions are involved in the entitled cause. The quoted language certainly does not. It simply says that the judge who tried the case is of the opinion that the questions following are such that it is desirable to have the opinion of the supreme court upon them. All that is stated might be absolutely true, and the questions have no relation to the case appealed. It is true that the record would show that they are involved, but for that purpose we cannot go to the record. In *Curran v. Coal Co.*, 63 Iowa, 94, it is said: "But this court has jurisdiction of this class of cases to determine the questions that are certified to us by the trial judges, and none others. We have no power to go behind the certificate and determine whether the case involves the question of law included in the certificate." This seems conclusive of the question. The same rule is held in *Beach v. Donovan*, 74 Iowa, 543; and in *Lamb v. Ross*, 84 Iowa, 578, is the same holding, citing the former cases. The appeal must be, and it is, *dismissed*.