INDEPENDENCE CREAMERY COMPANY, Respondent, vs. LOCKWAY, Appellant.

*September 24 — October 13, 1896.*

*Appeal: Certified questions: Statement of facts involved: Construction of statutes: Jurisdiction.*

Under sec. 1, ch. 215, Laws of 1895 (limiting the right of appeal where the amount involved is less than $100 to cases where the trial judge shall certify that some question or point of law is involved of such doubt or difficulty as to require a decision by the supreme court, and providing that in all such cases the questions so certified "shall be briefly and clearly stated by the judge; and on the appeal no other question shall be considered or decided"), no bill of exceptions is required, but each question upon which a decision is desired should be clearly stated so that the appellate court may understand it without reference to the record, and should be accompanied by a clear and brief statement of all the facts in the case upon which such question depends, so that the court need not go outside of such statement to determine the point; and a failure in this respect constitutes a jurisdictional defect.

APPEAL from a judgment of the circuit court for Trempealeau county: O. B. WYMAN, Circuit Judge. *Appeal dismissed.*

The appeal was taken after the publication of ch. 215, Laws of 1895, from a judgment in plaintiff's favor, involving less than $100, exclusive of costs. The defendant settled a bill of exceptions, and caused a record to be sent to this court, the same in all respects as in case of an appeal from a judgment prior to the enactment of the law referred to, except that the circuit judge made a certificate, which is embodied in the record, and is as follows: "I, O. B. Wyman, judge of the circuit court of said Trempealeau county, do hereby certify that the above-entitled action was tried before the said circuit court of Trempealeau county, and judgment rendered therein against the defendant above named, for a sum less than one hundred ($100) dollars, exclusive of

the costs of said action; that the decision of said case neces-
sarily involves the decision of three several questions of
law, of such doubt and difficulty as to require a decision of
the same by the supreme court of this state; and that such
questions of law are as follows:

"First. Was the plaintiff a corporation duly organized
under and by virtue of the laws of the state of Wisconsin?

"Second. If the plaintiff was not so duly organized as a
corporation, is the defendant above named estopped from
contesting the validity of such corporation?

"Third. If the said plaintiff is such a duly-organized cor-
poration, or the said defendant is estopped from denying
the validity of its corporation, then what is the amount of
defendant's subscription stock of such corporation, and the
extent of his liability upon the thirty per cent. call made
on such stock?"

For the appellant there was a brief by *S. Richmond* and
*B. F. Richmond*, attorneys, and *Bleekman, Bloomingdale &
Bergh*, of counsel, and oral argument by *B. F. Richmond*.

For the respondent there was a brief signed by *Higbee
& Bunge*, counsel, and oral argument by *E. C. Higbee*. To
the point that the certificate was insufficient, they cited,
besides cases cited in the opinion, 2 Ency. of Pl. & Pr. 207–
209; *Jewell v. Knight*, 123 U. S. 426; *Fire Ins. Asso. v.
Wickham*, 128 id. 426; *Trustee v. Mulfore*, 108 id. 510;
*U. S. v. Hall*, 131 id. 50; *U. S. v. Parrin*, id. 55; *Columbus
Watch Co. v. Robbins*, 148 id. 266; *Maynard v. Hecht*, 151
id. 324.

MARSHALL, J. At the outset the question of jurisdiction
to entertain this appeal is presented. Sec. 1, ch. 215, Laws
of 1895, provides that "no appeal shall hereafter be taken
to the supreme court in any case, from any judgment, when
the amount involved, exclusive of costs, is less than $100,
unless the judge of the court in which said judgment was

rendered shall certify that the case, necessarily, involves the decision of some question or point of law of such doubt and difficulty as to require a decision of the same by the supreme court; . . . and in all such cases the question, or questions, so certified, shall be briefly and clearly stated by the judge; and on the appeal no other question shall be considered or decided."

It is clearly the legislative intent that the trial judge, in case of an appeal under this act, shall clearly state each question, so that the appellate court may understand it without reference to the record; that, in stating each proposition of law upon which a decision is desired, a clear and brief statement of all the facts in the case should be made, upon which such question depends, so that the court will not have to go outside of such statement at all in order to determine the real point involved; and that a failure so to do constitutes a jurisdictional defect. Such is the well-settled practice where similar laws have existed for a considerable length of time, as is clearly shown by the numerous cases cited in respondent's brief. *Hawkeye Ins. Co. v. Lewis*, 63 Iowa, 514; *White v. Beatty*, 64 Iowa, 331; *Meeker v. C., M. & St. P. R. Co.* 64 Iowa, 641; *Jennings v. Bacon*, 84 Iowa, 403; *Ellis v. Keokuk Co.* (Iowa), 62 N. W. Rep. 660; *Jewell v. Knight*, 123 U. S. 426. As very properly said by Mr. Justice Beck, in *White v. Beatty, supra:* " One of the very objects of the statute would be defeated should we be required to find the facts upon which the questions of law depend. The certificate of the judge should explicitly and fully state the questions or facts involved, so that no reference need be made to the abstract, or to any part of it, in order to determine the particular point the court is asked to decide." So, in *Jewell v. Knight, supra*, Mr. Justice Bradley said, in effect, the questions certified must be distinct propositions of law, not involving any conclusion or judgment upon the weight or effectiveness of testimony or facts

deduced in the case; and in *Jennings v. Bacon, supra,* Mr.
Justice GIVEN said: "The questions involved in the certifi-
cate must be decided upon what is shown in the certificate."

It follows from the foregoing that the certificate required
by ch. 215 should show the ultimate facts on which the
particular questions of law are raised in respect to which
the decision of this court is desired. Without such certifi-
cate this court cannot obtain jurisdiction to entertain the
appeal. No bill of exceptions is required. The court can
only look into the statement of facts contained in the ques-
tions as certified by the trial judge.

Obviously, the law has not been complied with. The cer-
tificate splits up the case into propositions of mixed law and
fact, and presents it in such a way as to require an examina-
tion of the whole record, in violation of the settled practice
under similar laws, and the clear legislative intent.

*By the Court.*— The appeal is dismissed.

