Leppla, Appellant, vs. Reed, Respondent.

*October 15 — November 4, 1896.*

*Appeal: Certified questions: Statement of facts.*

Under ch. 215, Laws of 1895, an appeal from a judgment involving less than $100 exclusive of costs will be dismissed, if the certificate of the trial judge therein provided for fails to state all the facts necessary to determine the questions submitted.

Appeal from a judgment of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Appeal dismissed.*

This was an action involving less than $100, commenced in justice court, and appealed to the circuit court for Outagamie county, where it was tried, and the complaint was dismissed with costs. Thereupon the plaintiff prepared and

settled a bill of exceptions, and appealed to this court, the trial judge having made the following certificate, in attempted compliance with ch. 215, Laws of 1895:

"To the Supreme Court of the State of Wisconsin:

"I, John Goodland, judge of the Tenth judicial circuit of said state, having presided at the trial in said cause at a regular term of said circuit court, begun and held at the courthouse in the city of Appleton, in said county and state, on the 15th day of April, 1895, at which said term judgment in said cause was rendered in favor of the defendant, and against the plaintiff, do hereby certify that the case necessarily involves the decision of a question and point of law of such doubt and difficulty as to require the decision of the same by the supreme court. I further certify that the question and point of law are as follows: That the plaintiff sets up in his complaint that the plaintiff, being indebted to the defendant in the sum of $82.97, made and signed his certain check or order on the First National Bank of Appleton, Wisconsin, for said sum, payable to the defendant or bearer, and sent said check by a messenger to said defendant. That afterwards, and within a short time after the sending of said check, defendant came to plaintiff, and represented that he had not received said check or order, and requested the plaintiff to give him, said defendant, said sum of $82.97 in cash, and promised and agreed with plaintiff that if plaintiff would then pay him (defendant) the amount of said indebtedness, to wit, the sum of $82.97, at that time, in money, he (said defendant) would return said check or order to plaintiff as soon as he (said defendant) should receive it. That thereupon, and relying upon said promise of defendant, and in consideration thereof, plaintiff paid defendant said sum of indebtedness in cash. That defendant did thereafter receive said check or order, but neglected and refused to return the same, and used and disposed of it as shown by the testimony, and the check or order was protested for nonpay-

ment, and the plaintiff paid said check. That the issues in said cause were tried before the court and a jury, and a special verdict rendered, as follows: 'First question. Did the plaintiff pay to the defendant the face value of the check in question, to wit, the sum of $82.97, on or about the 18th day of July, 1891, at the plaintiff's house, in the town of Greenville? Answer. Yes. Second question. If you answer the last question "Yes," then say whether the consideration for the payment of said money was the promise on the part of the defendant to return to the plaintiff said check. Answer. Yes.' On this special verdict the plaintiff moved for judgment as demanded in the complaint, which motion was denied. And the defendant moved for judgment in his favor, notwithstanding the verdict, and the court granted the motion, and rendered judgment accordingly, on the ground that the payment of the check in question, which the defendant agreed to return and neglected so to do, was a voluntary payment, and, by reason thereof, the plaintiff cannot maintain this action. And the question and point of law are: First. Was the payment of the check a voluntary payment? Second. Can the plaintiff maintain this action on the facts stated in the complaint? Third. Is the plaintiff entitled to judgment as demanded in the complaint, on the verdict found by the jury?"

*Humphrey Pierce*, for the appellant.

For the respondent the cause was submitted on the brief of *John Bottensek*.

WINSLOW, J. Following the rule laid down in *Independence Creamery Co. v. Lockway, ante*, p. 148, this appeal must be dismissed, because the certificate of the trial judge fails to state all of the facts necessary to determine the questions submitted. It was said in that case, referring to the provisions of ch. 215, Laws of 1895: "It is clearly the legislative intent that the trial judge, in case of an appeal under

this act, shall clearly state each question, so that the appellate court may understand it, without reference to the record; that, in stating each proposition of law upon which a decision is desired, a clear and brief statement of all the facts in the case should be made upon which such question depends, so that the court will not have to go outside of such statement at all in order to determine the real point involved, and that a failure to do so constitutes a jurisdictional defect." The case turned upon the question whether the payment of the check by the plaintiff was voluntarily made. Neither the verdict nor the other parts of the certificate throw any light upon this question, and we cannot go to the bill of exceptions to determine it. As this fact is vitally essential in order to answer either of the three questions submitted, it necessarily follows that they cannot be answered, and that the appeal must be dismissed.

*By the Court.*— Appeal dismissed.