THE STATE EX REL. HINZ, Respondent, vs. McKONE, Appel-
lant.

*January 15 — February 2, 1897.*

*Oshkosh, charter construed: Appeals, limitation by amount involved.*

1. Section 9 of subchapter IV of the charter of the city of Oshkosh
    (ch. 59, Laws of 1891) provides for the election by the city council
    of one constable, and his term of office is fixed at two years.   Sec-
    tion 19 provides that any alderman when elected by the common
    council may become a constable,— and that when he ceases to be
    an alderman he shall cease to be a constable.   Section 1, subchap-
    ter XXIII, prohibits an alderman from holding any other munici-
    pal office except as otherwise provided.   *Held*, in an action to try
    the title to the office of constable, that by a proper construction
    of these sections of the charter only one constable is provided for,
    and that an alderman who has been made a constable can hold
    his office only for two years, and his term as such is not extended
    by the provision that if, before the end of his term, he ceases to be
    an alderman his office as constable shall cease.
2. An appeal in a *quo warranto* case to try the title to an office is not
    within the provisions of ch. 215, Laws of 1895, limiting the right
    of appeal to the supreme court in cases involving less than $100,
    by requiring a judge's certificate.   That chapter applies only to
    cases involving money, or some right the value of which can be
    computed in money.

The State ex rel. Hinz vs. McKone.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action, in the nature of *quo warranto,* to try the title to the office of constable in the city of Oshkosh. The facts were not in dispute. The defendant's answer to the relation was stricken out as frivolous, and, no amended answer being served, judgment for the plaintiff was rendered, and the defendant appealed. The facts are succinctly stated by the circuit judge in an opinion filed by him upon the motion: "It appears from the complaint that defendant, *McKone,* was elected constable in April, 1893, 'for the term of two years,' and duly qualified. Of course, the term is fixed by the charter, and, if the complainant put an erroneous construction upon the charter, it would not affect defendant's rights. In May, 1895, the relator, *Hinz,* was elected by the council as a constable, and duly qualified. Both were aldermen when elected, and still are such. For some reason, which does not appear on the face of the pleadings, *McKone* on the 17th day of March, 1896, gave a new bond, which was duly approved by the common council, and also took another oath of office. The relator claims that the defendant's term of office expired when the relator was elected, while the defendant claims that he is still constable, by virtue of being still an alderman, the latter's term of office being four years. All the foregoing facts are admitted or alleged by the answer, and the question which party is the lawful constable — whether there can be more than one constable, under the charter — must be determined by the provisions of the charter itself."

For the appellant there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.* They contended that the constable elected under sec. 9 was a city officer,— a sort of high constable, who might have different duties imposed upon him, and under sec. 13, subch. IV, might be paid a salary, while the alderman made constable was invested only

with the ordinary powers of that office. Sec. 19 has no reference to the high constable elected under sec. 9, the offices being different.

For the respondent there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *J. W. Hume.*

WINSLOW, J. The question at issue simply involves a construction of certain provisions of the charter of the city of Oshkosh, which will be found published as ch. 59, Laws of 1891. The provisions in question are as follows:

Subch. IV, sec. 9: "At the first meeting of the common council, or as soon thereafter as may be, there shall be the following city officers appointed by the mayor and confirmed by a majority of all the members of the common council voting in favor of such confirmation, a comptroller, a city attorney, a chief of police and a chief of the fire department, who shall hold their offices for the term of two years. There shall be the following city officers elected by the common council at its first meeting or as soon thereafter as may be, a president of the council, a city physician, a city surveyor, a health officer, an overseer of the poor, *a constable,* one or more policemen, one or more firemen and such other officers as the common council may deem necessary, who shall hold their offices for the term of two years."

Sec. 19: "The chief of police, any of the regular police of said city, regularly employed and paid by the city, and any alderman of said city, when elected by the common council, may become *a constable* in and for said city by taking the oath and giving the bond required by law for the qualification of constables, the bonds to be approved by the council, said bond and oath to be filed with the city clerk. When such person shall cease to be a policeman or alderman, he shall cease to be a constable."

Subch. XXIII, sec. 1: "No alderman shall hold any other municipal office, except as otherwise herein provided."

Subch. IV, sec. 10: " The term of office of all city officers shall commence upon their election or appointment and qualification, and shall hold for two and four years respectively, as herein provided and until their respective successors are elected or appointed and qualified."

The circuit judge, after remarking that under sec. 9, *supra*, standing alone, there can be no question but that " one constable " holding his office for two years is provided for, proceeds as follows: " Is there anything in sec. 19 which conflicts with this, or modifies it? The only purpose of that section, fairly construed, and the intent of legislature, would seem to be to permit policemen and aldermen, when elected by the common council, to hold the additional office of constable. By sec. 1 of subch. XXIII, an alderman is prohibited from holding any other municipal office, except as otherwise provided; and sec. 19 furnishes the ' otherwise provided,' or exception to the general rule, by saying that an alderman may also be a constable, when elected by the common council. It also provides that his term of office shall cease when he ceases to be an alderman. Does this make the term of the constable who chances also to be an alderman extended for four years, when the term of any other man is only two years? It seems to me that it will hardly bear such construction. The natural interpretation appears to be that an alderman or policeman who has been elected constable under sec. 9 shall hold his office for the term there provided,— two years,— unless before the end of the term he ceases to be an alderman. If he does so cease, then the office of constable becomes vacant *ipso facto*. And only one constable is provided for by the charter. Such seems to have been the intent of the legislature in these various sections. If these views are correct, it follows that defendant *McKone's* term as constable was for only two years; that the relator, *Hinz*, at the end of that time, was lawfully elected as his successor, and the defendant's term

of office and powers as constable were at an end." This construction of the statute seems to us entirely reasonable, and it seems to substantially reconcile the apparently conflicting provisions without doing violence to them.

A motion to dismiss the appeal was made on the ground that the case did not involve $100, and that no sufficient certificate has been made by the circuit judge to bring the case within ch. 215, Laws of 1895, and the recent decisions of this court in the cases of *Independence Creamery Co. v. Lockway*, 94 Wis. 148, and *Leppla v. Reed*, 94 Wis. 307. The certificate certainly is deficient, but we do not regard the case as within the provisions of ch. 215, aforesaid. This court, under secs. 3047, 3048, R. S., possesses jurisdiction to hear and decide appeals from any judgment of the circuit court, unless such jurisdiction is taken away by the terms of ch. 215. This chapter takes away jurisdiction (in the absence of the proper certificate) in a certain class of cases, to wit, cases where the amount involved, exclusive of costs, is less than $100. We regard this as meaning that in cases involving money, or some right the value of which can be calculated in money, the amount of money or the value of the right in controversy must equal or exceed $100; but we do not regard it as including cases involving mere abstract rights, not measurable in money or property, such as the right to an office. Many offices, both of dignity and importance, have no salary or fees attached to them, yet a contest over such an office may be of vast importance, both to the parties and to the public, in comparison with which a mere $100 claim would be a trifle. The value of such a right cannot be reduced to any pecuniary standard of value. The reasoning is similar to that used in the case of *Barry v. Mercein*, 5 How. 103, where the question was whether a *habeas corpus* proceeding came within a law authorizing appeals only in cases where the matter in dispute exceeded $2,000, and it was held that it did not, because the right in

dispute could not be calculated in money. In the present case there are, it is true, some fees connected with the office of constable, but this does not alter the fact that the substantial matter in dispute is the title to an office of some honor and importance, and not dollars and cents.

*By the Court.*— Judgment affirmed.