Burkhardt and another vs. Elgee.

Burkhardt and another, Appellants, vs. Elgee, Respondent.

*February 5 — February 23, 1897.*

*Appeal, dismissal of for insufficient certificate of judge.*

An appeal in a case involving less than one hundred dollars will be dismissed, unless the judge's certificate as to questions of law to be decided (required by ch. 215, Laws of 1895) states the ultimate facts on which the particular questions of law are raised, so that the supreme court can determine the same without reference to the record.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Appeal dismissed.*

The case involved rights of fishery in Willow river, and is sufficiently stated in the opinion.

For the appellants the cause was submitted on the brief of *Baker & Helms.*

For the respondent there was a brief by *James A. Frear* and *J. W. Bashford,* and oral argument by *Mr. Bashford.*

CASSODAY, C. J. The amount involved in this case, exclusive of costs, is less than $100. A former appeal from the judgment of the trial court was dismissed for want of a certificate as required by ch. 215, Laws of 1895. 93 Wis. 29. Since that decision this court has repeatedly held, in effect, that such appeal will be dismissed unless the judge's certificate states the ultimate facts on which the particular questions of law are raised, so that this court may determine the same from such statement alone, without reference to the record. *Independence Creamery Co. v. Lockway,* 94 Wis. 184; *Leppla v. Reed,* 94 Wis. 307. As indicated in these cases and the act in question, the cause is to be certified only when it "necessarily involves the decision of some question or point of *law* of such doubt and difficulty as to require a decision" of this court; "and in *all such cases*

Burkhardt and another vs. Elgee.

the question or questions so certified shall be briefly and clearly stated," and "no other question shall be considered or decided." It is only questions or points of law which are to be so decided; and, in order to decide the same, the facts in the case upon which they, respectively, depend must be clearly and briefly stated.

The certificate in the case at bar does not comply with these decisions nor the statute. It contains seventeen different questions to be answered. Several of these questions certified are based upon the record in the case. Several of them are questions of fact to be determined by this court from the record. The action is for trespass upon lands of which the plaintiffs were alleged to be the owners and in possession. This was denied, and the court found that Mrs. Burke was in the actual possession, instead of the plaintiffs. One of the questions certified is as to whether the evidence sustains such finding. Instead of stating each question or point of law involved, and the facts upon which it depends, a large number of the questions certified are based upon an assumption of facts, or upon an abstract statement of facts which may or may not be in the case, depending upon the conclusions which might be reached by an examination of the whole record. *State v. Hickok,* 90 Wis. 161, 166. The act in question was designed to save costs to litigants and labor to attorneys and to this court in cases involving such small amounts, by enabling this court to decide doubtful and difficult questions of law involved upon such certificate. To allow such certificate to be used as a bill of discovery, as here attempted, would not only nullify the statute, but greatly increase the labors of this court and attorneys in such cases, and hence increase the costs to litigants.

*By the Court.*— The appeal is dismissed.