Dowling, Respondent, vs. Lancashire Insurance Company, Garnishee, Appellant.

*September 7 — September 28, 1897.*

*Appeal: Insufficient certificate of judge.*

Upon appeal by a garnishee from a judgment in its favor for costs, because only $104.96 was allowed it as costs, *held*, that a certificate by the trial judge which presented as the question to be determined whether it was within the discretionary power of the court, "on the facts as they appear in the foregoing bill of exceptions," to reduce the garnishee's costs as was done and on the grounds on which it was done, was clearly insufficient to answer the requirements of ch. 215, Laws of 1895, in that it failed to state the ultimate facts on which the question of law arose, so that the court could determine it without reference to the record.

Appeal from a judgment of the circuit court for Eau Claire county: W. F. Bailey, Circuit Judge. *Appeal dismissed.*

The case is stated in the opinion.

For the appellant there was a brief by *Doolittle & Shoemaker,* and oral argument by *L. A. Doolittle.*

For the respondent there was a brief by *Geo. C. & Fred A. Teall,* and oral argument by *Fred A. Teall.*

CASSODAY, C. J. This case was here on a former appeal,. and judgment against the insurance company, as garnishee,. was reversed, and the case was remanded for a new trial. 89 Wis. 96. Thereupon it was stipulated between the parties that an order and judgment be made and rendered forthwith, without notice, dismissing the action, with costs to the garnishee, to be taxed upon due notice by the clerk. The clerk thereupon, and upon due notice to the plaintiff's attorneys,. taxed the costs and disbursements at $271.86. Thereupon the plaintiff moved the trial court for a review and retaxation of such costs. Upon that motion the trial court made an order to the effect that, as such action was tried with a garnishee against the Farmers' Fire Insurance Company, and also a garnishee against the Fire Association of Philadelphia, as one action, although not consolidated, the court would allow the costs taxed in favor of this defendant, amounting to $271.86, together with $21.55 for certain items in each of the other actions, as for costs to all of said other garnishees, making in the aggregate $314.86, and no more,. to the said three garnishees as their costs in said three actions,— that is to say, judgment was to be rendered accordingly in favor of each garnishee separately for one third of such aggregate sum, amounting to $104.96; and each of said judgments for costs was so modified and entered accordingly. From such judgment for $104.96 only in favor of the *Lancashire Insurance Company*, this defendant brings this appeal. Accompanying such appeal is a certificate of the trial judge to the effect that the case necessarily involves the decision of a question or point of law of such doubt and difficulty as to require the decision of the same by this court, and the question is as to whether it was within the discretionary power of the court, on the facts as they appear in the bill of exceptions thereto attached and thereby made a part of such certificate, to so reduce the garnishee's judgment for costs from $271.86 to $104.96 in the way it appears

Dowling vs. Lancashire Ins. Co.

to have been done, and upon the grounds upon which it appears to have been done, by the order referred to.

No appeal to this court " in any case from any judgment when the amount involved, *exclusive of costs,* is less than $100," is permissible, unless the trial judge certifies the case as required by· ch. 215, Laws of 1895. The certificate in this record is clearly insufficient to answer the requirements of that chapter, as repeatedly construed by this court. *Burkhardt v. Elgee,* 93 Wis. 29; *Independence Creamery Co. v. Lockway,* 94 Wis. 148; *Leppla v. Reed,* 94 Wis. 307; *Burkhardt v. Elgee,* 95 Wis. 375. It fails to state the ultimate facts on which the particular questions of law are raised, so as to enable this court to determine the same from such statement alone, without reference to the record. On the contrary, we are asked to determine the question of the discretionary power of the court, " on the facts as they appear " in the " bill of exceptions," exercised " in the way it appears " and " upon the grounds upon which it appears to have been done by the order " contained in the bill of exceptions. Had' the plaintiff appealed, the amount of her claim might have been the test of jurisdiction, as indicated in the opinion on the motion for a rehearing in the first of the cases cited. This appeal involves no amount " exclusive of costs," and nothing but costs. To review the judgment, the requisite certificate was essential.

*By the Court.*— The appeal is dismissed.

Authorities respecting the definiteness of a ,question to be certified are collated in a note to *Waco Water & L. Co. v. Waco* (86 Tex. 661), in 31 L. R. A. 392.— REP.